Joseph P. CONNORS, Sr., Paul R. Dean, William B. Jordan, William Miller, Donald E. Pierce, Trustees of the United Mine Workers of America 1950 Benefit Plan and Trust, Plaintiffs,

v.

CONSOLIDATION COAL CO., Itman Coal Co., and Bishop Coal Co., Defendants.

Civ. A. No. 86–2338.

United States District Court, W.D. Pennsylvania.

April 20, 1987.

Marshall J. Conn, Pittsburgh, Pa., for plaintiffs.

Anthony J. Polito, Pittsburgh, Pa., for defendants.

## MEMORANDUM OPINION

ZIEGLER, District Judge.

Plaintiff trustees have filed 15 lawsuits with this court seeking reimbursement of black lung benefits paid to miners formerly employed by numerous coal mine operators in this district. Under the Black Lung Benefits Act, 30 U.S.C. § 901 *et seq.*, the 1950 Benefit Plan and Trust paid millions of dollars to claimants "to prevent any interruption of necessary services to the individuals." Complaint at paragraph 13. In the instant lawsuit, plaintiffs seek reimbursement of $823,540.69 paid to 650 black lung claimants from three coal operators. Plaintiffs seek partial summary judgment on the issue of liability in all 14 cases. Because Congress has not invested this court with jurisdiction to determine black lung liability or damages, we shall dismiss the complaints. We hold that plaintiffs

have failed to follow administrative procedures set forth in 33 U.S.C. §§ 919 and 921.

### I. *History of Cases*

Plaintiff trustees administer health benefits and other benefits under the National Bituminous Coal Wage Agreement of 1984, which incorporates benefit terms of the 1950 benefit plan of the United Mine Workers. Under that plan, workers are reimbursed for certain medical expenses except for those covered by workers' compensation laws or employer's liability acts "for which an employer is required by law to furnish." Plan at Art. III(A)(11). Where the plan pays medical expenses as a convenience to its beneficiaries and for which another party is obligated, the plan is subrogated to the rights of its beneficiaries. Plan at Art. III(A)(10)(g).

Sometime before November 1983, the plan sought information from the United States Department of Labor identifying black lung claimants and their last responsible employers. The resulting reports identified defendant coal companies as the responsible employers for hundreds of claimants who already received reimbursements for medical expenses from the plan. Plaintiffs provided the mine operators with computer printouts identifying each beneficiary, dates of medical procedures and the amounts paid by the plan. Affidavit of James W. Richardson at p. 3. Later requests for reimbursement by defendants elicited no response, according to plaintiffs.

On October 31, 1986, plaintiffs filed 15 lawsuits against a total of 19 mine operators essentially seeking reimbursement for black lung medical payments. The complaints state two counts: the first seeking an injunction of "defendants' non-compliance with its (sic) obligation to pay for black lung related medical services," and the second seeking an injunction "to divest the defendants of the benefit conferred which has been unjustly retained by defendants." Complaint at paragraphs 16, 20.

On March 12, 1987, the court held a status conference, at which numerous threshold issues were raised. Beyond their apprehension in paying millions of dollars

to the benefit plan based solely on computer printouts, the 19 defendants questioned subject matter jurisdiction, statute of limitation bars, plaintiffs' subrogation rights and underlying liability under the Black Lung Act. The court directed plaintiffs to seek summary judgment on these threshold issues within 30 days. The motions have been filed.

## II. *Discussion*

Coal workers' pneumoconiosis, or black lung disease, affects a high percentage of American coal miners with severe, and frequently crippling, chronic respiratory impairment. *See Usery v. Turner Elkhorn Mining Co.*, 428 U.S. 1, 6, n. 1, 96 S.Ct. 2882, 2888, n. 1, 49 L.Ed.2d 752 (1976). In view of the prevalence of irreversible pneumoconiosis among miners, and the insufficiency of state compensation programs, Congress passed Title IV of the Federal Coal Mine Health and Safety Act of 1969, 30 U.S.C. § 901 *et seq.*, to provide benefits to afflicted miners and their survivors. These benefit provisions were later broadened by the Black Lung Benefits Act of 1972.

Under Part C of Title IV, sections 421–431, 30 U.S.C. §§ 931–941, claims filed after December 31, 1973, are to be processed under an approved state workmen's compensation law. According to the federal Department of Labor, as an alternative, claims may be filed with and adjudicated by the Secretary of Labor, and paid by the last responsible mine operator employer. 30 U.S.C. § 932. Under this section, an operator who is entitled to a hearing in connection with these claims is liable for benefits with respect to death or total disability due to pneumoconiosis arising out of employment in a mine for which the operator is responsible. *Usery v. Turner Elkhorn Mining Co., supra,* at 9, 96 S.Ct. at 2889. The Act provides that a miner shall be considered "totally disabled," and consequently entitled to compensation, "when pneumoconiosis prevents him from engaging in gainful employment requiring the skills and abilities comparable to those of any employment in a mine or mines in which he previously engaged with some regularity and over a substantial period of time." 30 U.S.C. § 902(f).

Where benefits are sought under the Black Lung Act and not under a state workmen's compensation program, the Act incorporates the claims procedures set forth in the Longshoreman's and Harbor Workers' Compensation Act of 1927, as amended in 1972. 30 U.S.C. § 932; 33 U.S.C. § 901 *et seq.* Under section 19 of the 1927 act, federal workers' compensation benefits were determined by a deputy commissioner in the Department of Labor. Section 21(b) provided for review of his determination in the United States District Court. The 1972 amendments to the Act changed the review scheme by substituting for district court review a Benefits Review Board, and by providing that its decisions were reviewable in the United States Court of Appeals. In *Krolick Contracting Corp. v. Benefits Review Board,* 558 F.2d 685 (3d Cir.1977) (per Gibbons, J.), the court held that the Benefits Review Board and the administrative procedures set forth in the Longshoreman's Act applied to black lung benefit determinations.

Under the Longshoreman's Act, a claim for compensation must be filed with the deputy commissioner for the Secretary of Labor. 33 U.S.C. § 919. Within 10 days, notice of the claim is given to any employer the deputy commissioner considers an interested party. The deputy commissioner orders a hearing to be held before an administrative law judge. *Id.* Following the ALJ findings, an appeal may be taken to the Benefits Review Board established by the Secretary. 33 U.S.C. § 921(b). Appeals from decisions of the Board are heard by the various Courts of Appeals. 33 U.S.C. § 921(c). Under the Longshoreman's Act, the district court has jurisdiction to enforce final orders of the Secretary, and does not have jurisdiction to determine benefits *de novo.* 33 U.S.C. § 921(d). The Court of Appeals has recognized that the Longshoreman's Act provides exclusive procedures for the prompt and efficient determination of black lung benefits, and the such a procedure excludes review by the district courts. In *Compensation Department of District Five v. Director, Office of Worker's Compensation*

*Programs,* 667 F.2d 336, 340 (3d Cir.1981), the court held that "the scheme of review established by Congress for determinations of black lung disability benefits was intended to be exclusive." Moreover, the court noted, at 340:

> Underlying our conclusion that the district court lacked subject matter jurisdiction is the general rule that if 'there exists a special statutory review procedure, it is ordinarily supposed that Congress intended that procedure to be the exclusive means of obtaining judicial review in those cases to which it applies.' ... Moreover, 'there is a strong presumption against the availability of simultaneous review in both the district court and the court of appeals.'

*See also Carozza v. United States Steel Corp.,* 727 F.2d 74 (3d Cir.1984); *Bernardo v. Director, Office of Worker's Compensation,* 790 F.2d 351 (3d Cir.1986).

In the instant cases, plaintiffs assert jurisdiction under the federal question provision of the Judicial Code, 28 U.S.C. § 1331, and under the Longshoreman's Act, 33 U.S.C. § 921(d). According to plaintiffs, "Congress has declared that the federal district courts shall have original jurisdiction over all matters arising under the laws of the United States. ... It can hardly be disputed that this action arises under the laws of the United States." Brief in support of summary judgment, at p. 6. The Court of Appeals rejected this basis for district court jurisdiction in black lung benefit cases. In *Compensation Department of District Five, supra* at 339, n. 7, the court noted that jurisdiction was not available under section 1331 because it was "supplanted by the provisions for exclusive Court of Appeals review."

Secondly, jurisdiction is not extant under the Longshoreman's Act, 33 U.S.C. § 921(d), because failure to comply with a final compensation order is a prerequisite to jurisdiction under that section. According to section 921(d), "[i]f any employer or his officers or agents fails to comply with a compensation order making an award, that has become final, any beneficiary of such award or the deputy commissioner making the order, may apply for the enforcement of the order to the Federal district court

for the judicial district in which the injury occurred." The complaints do not admit of any final compensation orders obtained through the administrative procedures set forth in section 921. Further, any argument that plaintiffs are not constrained by administrative procedures because they are pension plan trustees and not beneficiaries under the Black Lung Act is not persuasive because, by their own admission, they are subrogees. Brief, at p. 7.

As subrogees, plaintiffs may assert rights to reimbursement through the administrative procedures explained in 33 U.S.C. § 919 *et seq.* Because the instant complaints have not been considered previously by the Secretary of Labor, the Benefits Review Board or the deputy commissioner, we cannot remand. 33 U.S.C. § 921(b)(4). Neither can we transfer the cases to the appropriate administrative body, because transfer for want of jurisdiction is available only to a court, as that term is defined under 28 U.S.C. § 610. *See* 28 U.S.C. § 1631.

Written orders will follow.

### ORDER OF COURT

AND NOW, this 20th day of April 1987,

IT IS ORDERED that the instant case be and hereby is dismissed under Fed.R.Civ.P. 12(h)(3) for lack of subject matter jurisdiction.