Joseph P. CONNORS, Sr., et al, Plaintiffs,

v.

ALLIED CHEMICAL CORPORATION, Defendant.

Joseph P. CONNORS, Sr., et al, Plaintiffs,

v.

ARMCO, INC., Defendant.

Civ. A. Nos. 2:86–1199, 2:86–1200.

United States District Court, S.D. West Virginia, Charleston Division.

Dec. 22, 1987.

Robert J. Smith, Charleston, W.Va., Charles G. Starrs, UMWA Health & Retirement Funds, Washington, D.C., for plaintiffs.

Charles L. Woody, Edward W. Rugeley, III, Spilman, Thomas, Battle & Klostermeyer, Charleston, W.Va., for defendant.

## MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

These actions have been consolidated for the purpose of the Court's ruling upon motions to dismiss, filed by the Defendant in each action. Because the motions for summary judgment filed by Plaintiffs in each action also involve common issues, the Court consolidates these actions for the purpose of ruling upon motions for summary judgment as well. The issues presented having been fully briefed, the Court now considers all of these motions.

These actions have been brought by the Trustees of the United Mine Workers of America 1950 Benefit Plan and Trust (Plan) in an effort to recover from the Defendant coal mine operators monies paid by the Plan in black lung related benefits. By their complaints, Plaintiffs seek enforcement, as subrogees of individual beneficiaries, of federal black lung benefit entitlements or restitution for monies paid by the Plan which, allegedly, should have been paid by Defendants.

### I. Motions to Dismiss

Defendants in these actions have filed motions to dismiss, based upon the lack of both subject matter jurisdiction and personal jurisdiction [1] and the failure of Plaintiffs to state a claim upon which relief can be granted. As noted by Plaintiffs, these motions were filed beyond the time allowed by the Court's Time Frame Orders. The Court considers these motions, however, as

1. No argument has been offered for the assertion that there is no personal jurisdiction over Defendants, and so the Court does not consider this as a basis for this motion.

they present significant questions regarding the jurisdiction of this Court.

### A. *Subject Matter Jurisdiction*

Plaintiffs allege jurisdiction in both cases pursuant to the Black Lung Benefits Act (BLBA), 30 U.S.C. § 901, *et seq.*, and the Court's general federal question jurisdiction, 28 U.S.C. § 1331. In Civil Action No. 2:86–1200, Plaintiffs also allege jurisdiction based on diversity of citizenship, pursuant to 28 U.S.C. § 1332.

### 1. *Black Lung Benefits Act*

In support of their motions to dismiss for lack of subject matter jurisdiction, Defendants rely upon the decision in *Connors v. Consolidation Coal Co.*, 664 F.Supp. 982 (W.D.Pa.1987). The claims presented in that case were virtually identical to those presented in the cases before this Court, and jurisdiction was alleged to exist pursuant to the same statutes (except 28 U.S.C. § 1332). The jurisdiction issue was considered by that court after plaintiffs had filed a motion for summary judgment on the issue of defendants' liability.[2] Regarding jurisdiction, the court in *Consolidation Coal* held that it did not have jurisdiction and dismissed plaintiffs' complaint for that reason. The basis for the court's ruling was that "plaintiffs [had] failed to follow administrative procedures set forth in 33 U.S.C. §§ 919 and 921." *Consolidation Coal* at 983.

Sections 919 and 921 are incorporated into the BLBA by 30 U.S.C. § 932 which provides for black lung benefits to eligible individuals in accordance with the procedures to establish entitlement set forth in the Longshore and Harbor Workers' Compensation Act of 1984 (LHWCA). 33 U.S.C. § 901, *et seq.*

Briefly, the LHWCA provides that claims "may be filed with the deputy commissioner [of the Department of Labor] ... [who] shall have full power and authority to hear and determine all questions in respect of such claims." 33 U.S.C. § 919(a). The deputy commissioner must then notify the employer and other interested parties of the filing of the claim for benefits. 33 U.S.C. § 919(b). If a hearing is requested, one must be held before an administrative law judge. 33 U.S.C. § 919(d). If no hearing is requested, the deputy commissioner may make an award of benefits. 33 U.S.C. § 919(c).

Such an award shall become effective after thirty days, unless review is sought. 33 U.S.C. § 921(a). Appeal is first taken to the Benefits Review Board, 33 U.S.C. § 921(b), and then to the United States Court of Appeals. 33 U.S.C. § 921(c). The United States District Court has jurisdiction to enforce final compensation orders, including the determination of the lawfulness of the procedures followed to obtain such orders. 33 U.S.C. § 921(d). The procedures established by Section 921 are the exclusive means of review and enforcement of compensation orders. 33 U.S.C. § 921(e).

After discussing this statutory scheme, the court in *Consolidation Coal* found that "failure to comply with a final compensation order is a prerequisite to jurisdiction under [33 U.S.C. § 921(d)]." *Consolidation Coal* at 985. In that case, plaintiffs had not alleged in their complaint that final compensation orders had been obtained pursuant to the procedures found in the LHWCA at 33 U.S.C. § 921. The Court, therefore, found that jurisdiction did not exist pursuant to that statute.

Plaintiffs in this action have responded to the motion to dismiss, arguing that the Court does have jurisdiction pursuant to 33 U.S.C. § 921(d). Admitting that they have not alleged in their complaints that final compensation orders have been obtained, Plaintiffs suggest that other allegations contained in the complaints—that Defendants have been identified as responsible mine operators for certain individuals who are eligible for black lung benefits, that Defendants have failed to comply with their obligations to pay such benefits, and that the Court has jurisdiction pursuant to 33 U.S.C. § 921(d)—are tantamount to an allegation that final orders have been obtained. Furthermore, Plaintiffs state that "Trustees allege that the individuals listed

---

**2.** Similar motions are also pending in these actions and will be discussed below.

in Attachment A[, identified by the Department of Labor as eligible for black lung benefits,] have already filed claims for black lung benefits and have already received awards of such benefits." [3] Plaintiffs' Memoranda in Opposition to Defendant's Motions to Dismiss at 8.

■ Considering the statutory provisions involved here, this Court agrees with the court in *Consolidation Coal* and concludes that a district court has jurisdiction under the BLBA only to enforce compensation orders. It is necessary, therefore, that final compensation orders must have been obtained to establish such jurisdiction. Furthermore, such an order must have been obtained in accordance with the procedures set forth in 33 U.S.C. §§ 919 and 921. In other words, a claim must have been filed with and an award made by a deputy commissioner of the Department of Labor, pursuant to and in accordance with the provisions of 33 U.S.C. § 919. Although, as Plaintiffs correctly point out, the review procedures set forth in Section 921 do not have to have been employed in order for the district court to exercise its jurisdiction under subsection (d) of that section, an award made pursuant to Section 919, otherwise must have become final, in accordance with Section 921(a), prior to exercise of jurisdiction by the district court.

Plaintiffs have admitted their failure to allege the existence of final compensation orders obtained through the procedures outlined above. The Court finds, therefore, that it does not have jurisdiction pursuant to 33 U.S.C. § 921(d). However, based upon the representations by counsel for Plaintiffs that such orders do exist, the Court will allow Plaintiffs the opportunity to amend their complaints to allege the existence of final compensation orders obtained pursuant to 33 U.S.C. §§ 919 and 921, so as to establish jurisdiction. Such amendments shall be permitted, of course, subject to the provisions of *Rule* 11, Federal Rules of Civil Procedure.

## 2. *Federal Question*

Plaintiffs in these actions also allege jurisdiction pursuant to 28 U.S.C. § 1331. This section grants a district court jurisdiction over matters "arising under the Constitution, laws, or treaties of the United States," or, in other words, presenting a federal question. This statute was also asserted as a basis for jurisdiction in *Consolidation Coal.* With regard to the question of whether general federal question jurisdiction existed, the Court found that "jurisdiction was not available under Section 1331 because it was 'supplanted by the provisions for exclusive Court of Appeals review.'" *Consolidation Coal* at 985, *quoting Compensation Department of District Five v. Marshall*, 667 F.2d 336, 339 n. 7 (3d Cir.1981).

In support of their allegations of jurisdiction pursuant to 28 U.S.C. § 1331, Plaintiffs in these cases point out that in *Compensation Department of District Five*, the court was not concerned with "overlapping substantive federal programs." Plaintiffs' Memoranda in Opposition to Defendant's Motions to Dismiss at 13. Plaintiffs assert that their claims implicate not only the BLBA, but also the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001, *et seq.* This is, presumably, because the Plan is governed by ERISA. Plaintiffs specifically rely on 29 U.S.C. § 1001(a) and (b) for their assertion that federal question jurisdiction exists. This section is entitled "Congressional Findings and Declaration of Policy." The subsections referred to express interests in maintaining the "financial soundness" of employee benefit plans and in allowing "ready access to the Federal courts" in order to protect beneficiaries of such plans.

■ The Court finds that these declarations of policy are insufficient to bring Plaintiffs' claims within ERISA so as to support a finding that they "arise under" ERISA. For this reason, and because the BLBA contains a specific and limited grant of jurisdiction to district courts, general

---

**3.** Plaintiffs go on to assert that they are seeking restitution for the unjust enrichment of Defendants, and, curiously, that "[t]he procedures set forth in 33 U.S.C. § 919 do not apply in these circumstances." Plaintiffs' Memoranda in Opposition to Defendant's Motions to Dismiss at 8.

federal question jurisdiction does not exist with regard to the claims presented by the complaints filed in these actions.

### 3. *Diversity*

■ Plaintiffs in Civil Action No. 2:86–1200 have alleged diversity of citizenship as a basis for the Court's jurisdiction. Plaintiffs' claims against Defendants, whether as subrogees of the individual beneficiaries or based upon a theory of restitution, are based upon obligations allegedly created by the Black Lung Benefits Act. Incorporated into the BLBA is 33 U.S.C. § 921(e), which provides:

"Proceedings for suspending, setting aside, or enforcing a compensation order, whether rejecting a claim or making an award, shall not be instituted otherwise than as provided in this section and section 918 of this title."

This provision, along with 33 U.S.C. § 921(d), confers upon district courts exclusive jurisdiction for an action seeking enforcement of final black lung compensation orders. The Court concludes, therefore, that because such an action must be brought in federal court, diversity of citizenship is not available as a basis of jurisdiction in these cases.

### B. *Failure to State a Claim*

Defendants also seek dismissal of this action for failure to state a claim upon which relief can be granted. In support, they assert that Plaintiffs do not have standing to bring these actions, as they have not obtained the subrogation agreements from the Plan beneficiaries as required by the Plan itself. Defendants further assert that 33 U.S.C. § 921(d), by its language, allows only beneficiaries or the deputy commissioner to seek enforcement of compensation orders. They also cite 33 U.S.C. § 916 for the proposition that black lung benefits cannot be assigned.

■ The Court finds that the motion for dismissal for failure to state a claim upon which relief can be granted is untimely pursuant to *Rule* 12(b), Federal Rules of Civil Procedure. The Court further finds the substance of the motion to be without merit. Accordingly, this motion is denied.

### II. *Motions for Summary Judgment*

Plaintiffs have filed motions for summary judgment in these actions, seeking determinations of Defendants' liability on Plaintiffs' claims. It appears to the Court that a genuine issue of material fact exists with regard to the question of Defendants' liability in each case. Each Defendant may be found liable only upon a showing that a final compensation order, naming that Defendant as the responsible mine operator, has been obtained. At this point, Plaintiffs' pleading are deficient in their failure to allege the existence of such orders. At the same time, Defendants have pleaded in their answers that there has been no determination of their liability by the Department of Labor and that they received no notice that they were responsible operators.

Accordingly, even assuming proper amendment of Plaintiffs' complaints as discussed above, the Court finds that a genuine issue of fact material to the issue of liability exists and hereby DENIES Plaintiffs' motions for summary judgment.

### III. *Summary*

Based upon the foregoing, the Court hereby ORDERS as follows:

1. Defendants' motion to dismiss are DENIED. Plaintiffs are directed to file amended complaints in these actions, in accordance with the Court's rulings herein, within ten days of the date of entry of this Order. If the complaints are not or cannot be so amended, the Court shall order these actions dismissed for lack of subject matter jurisdiction.

2. Plaintiffs' motions for summary judgment, filed in each action, are DENIED based on the existence of material issues of fact.