Stephen S. **SLATICK**, Petitioner,

v.

**DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, U.S. DEPARTMENT OF LABOR,** Respondents.

No. 81–6157.

United States Court of Appeals, Eleventh Circuit.

Feb. 14, 1983.

D. Andrew Debevoise, Dempsey & Slaughter, P.A., Orlando, Fla., for petitioner.

Cristina C. Favis-White, Konny Mitchell, U.S. Dept. of Labor, Washington, D.C., for respondents.

Before TJOFLAT, FAY and HENDERSON, Circuit Judges.

BY THE COURT:

Stephen Slatick was exposed to coal dust within the territorial jurisdiction of the Court of Appeals for the Third Circuit. He subsequently moved to Florida where he learned that he was suffering from "black lung" disease. He brought a claim for black lung benefits with the Benefits Review Board of the United States Department of Labor. The Benefits Review Board denied Slatick's claim.

Slatick then sought to appeal this ruling. The Labor Department, in a letter to Slatick on October 23, 1981, advised Slatick that he had 60 days to file an appeal in this court. The Labor Department rendered this advice pursuant to 33 U.S.C. § 921(c) (1976), which provides that jurisdiction of appeals from final orders of the Benefits Review Board lies in the "court of appeals for the circuit court where the injury occurred." Acting on the Labor Department's advice, Slatick petitioned this court for review. The Labor Department subsequently moved this court to dismiss Slatick's petition for lack of jurisdiction, arguing that his injury had occurred within the Third Circuit and therefore the court of appeals for that circuit had exclusive jurisdiction. We granted the motion to dismiss.

Slatick now asks us to reconsider our decision, and alternatively asks this court to transfer the case to the Third Circuit if we again hold that we lack jurisdiction to review his petition. We are convinced that we lack jurisdiction to review this petition and therefore adhere to our earlier decision. We hold that we do have the power, however, to transfer this petition to the Court of Appeals for the Third Circuit, and therefore grant Slatick's alternative motion to transfer.

In *Trans-State Dredging v. Tarner,* 695 F.2d 505 (11th Cir.1982), we noted that the recently enacted Federal Courts Improvement Act of 1982, Pub.L. No. 97–164, § 301, 50 U.S.L.W. 77, 86 (1982) (to be codified at 28 U.S.C. § 1631) provides specific authority for such a transfer:

> Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, *if it is in the interest of justice,* transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

(emphasis added). Although the effective date of this Act is October 1, 1982, *Trans-State* held that the Act applies to all cases pending on that date.

Thus, the dispositive question in this case is whether a transfer of Slatick's petition would be in the interest of justice. We hold that it would be. The Labor Department affirmatively misled Slatick concerning the circuit having jurisdiction to review his petition. Then, after he had followed the Department's advice and the time for filing a petition in the Third Circuit had expired, the Department claimed that this court lacked jurisdiction and moved for dismissal. A dismissal would operate to bar Slatick's petition for review in the Third Circuit. To allow this result would certainly not be in

the interest of justice. Therefore, pursuant to section 301 of the Federal Courts Improvement Act of 1982, we transfer these proceedings to the Court of Appeals for the Third Circuit.

SO ORDERED.