Ralph W. BERNARDO, Petitioner,

v.

DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, Respondent.

No. 84–7222.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 13, 1985.

Sept. 25, 1985.

**577**

Stephen W. Webster, San Marcos, Cal., for petitioner.

Francis K. Lilly, Sol. of Labor, Donald S. Shire, Asso. Sol., J. Michael O'Neill, Roscoe C. Bryant, III, U.S. Dept. of Labor, Washington, D.C., for respondent.

Before SNEED and BEEZER, Circuit Judges, and RAFEEDIE,* District Judge.

RAFEEDIE, District Judge:

This case presents the question of whether the Ninth Circuit Court of Appeals has jurisdiction to review an Order of the United States Department of Labor's Benefit Review Board concerning a coal miner injured in the territorial jurisdiction of another circuit. We do not have such jurisdiction and accordingly transfer this matter to the Third Circuit which does.

Petitioner Ralph W. Bernardo ("Bernardo" or "Petitioner") was a coal miner from 1928 to 1946 only having mined coal in Pennsylvania. He now lives in California where he has filed for benefits under the Black Lung Benefits Act, 30 U.S.C. § 904 et seq. claiming compensable disability due to pneumoconiosis (black lung disease). An Administrative Law Judge ("ALJ") considered Petitioner's claim and ruled that he was not entitled to such benefits. Bernardo appealed the ruling to the Benefits Review Board ("BRB") which affirmed. Bernardo has now filed a Petition for Review seeking to have the BRB decision overturned because of the application of an incorrect legal standard. As this court is without jurisdiction to consider the matter, we do not reach the merits of the case.

## JURISDICTION

The Black Lung Benefits Act provides at 30 U.S.C. § 932(a) that the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. § 901 et seq. ("LHWCA") governs appeals from decisions of the BRB. The LHWCA provides in pertinent part, "Any person aggrieved by a final order of the [Benefit Review] Board may obtain a review of that order in the United States Court of Appeals for *the circuit in which the injury occurred ...*" 33 U.S.C. § 921(c) ("§ 921(c)") (emphasis added).[1]

The question presented here is "In what circuit did Petitioner Bernardo's injury occur?" Respondent argues that it occurred in the territorial jurisdiction of the Third Circuit where Bernardo was exposed to coal dust. Petitioner disagrees, arguing that the injury occurred in the territorial jurisdiction of the Ninth Circuit where, he alleges, the disease manifested itself.

This is not a case of first impression, the Eleventh Circuit having already addressed this "exposure" v. "manifestation of disease" jurisdictional controversy in *Slatick v. Director, OWCP,* 698 F.2d 433 (11th Cir.1983). The Petitioner in *Slatick* was exposed to coal dust in the Third Circuit (Pennsylvania) and, subsequently, moved to the Eleventh Circuit (Florida) where he learned he might be suffering

* Honorable Edward Rafeedie, United States District Judge, Central District of California, sitting by designation.

1. This section has "consistently been held to be a jurisdictional provision." *Hon v. Director, OWCP,* 699 F.2d 441, 443 n. 1 (8th Cir.1983) citing *Dantes v. Western Foundation Corp. Ass'n.,* 614 F.2d 299 (1st Cir.1980); *Bassett v. Massman Construction Co.,* 120 F.2d 230 (8th Cir.), *cert. denied,* 314 U.S. 648, 62 S.Ct. 92, 86 L.Ed. 520 (1941).

from black lung disease. His claim for benefits was denied, the denial was affirmed by the BRB, and he appealed to the Eleventh Circuit. Faced with the same question we face here, the Eleventh Circuit ruled it did not have jurisdiction, holding that for jurisdictional purposes under § 921(c) the injury in black lung cases occurs where an individual is exposed to coal dust, not where the disease manifests itself. The *Slatick* case was transferred to the Third Circuit.

 We hereby adopt the sensible rule of the *Slatick* court.[2] As Petitioner Bernardo's exposure was in Pennsylvania, this matter should be before the Third Circuit.[3] We reject Petitioner's proposed "manifestation of disease" jurisdictional rule. It could create factual disputes as to where the disease manifested itself. This concern is not merely theoretical, there being a dispute in this case as to whether Bernardo's disease manifested itself in Michigan where he filed his first black lung claim or in California where he filed his second. Such factual disputes about jurisdiction are not consistent with a bright line rule that will guide future litigants and lead to a swift resolution of black lung cases on the merits. Finally, we note that there is no reason for this circuit to adopt a jurisdictional rule different from that adopted by other circuits. To do so could create a number of jurisdiction related problems that are incompatible with fairness and common sense.

"[T]he circuit in which the injury occurred" for jurisdictional purposes under § 921(c) is the circuit where exposure to coal dust occurred. 28 U.S.C. § 1631 states:

Whenever … a petition for review of an administrative action, is noticed for or filed with [an appellate] court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought …

Accordingly, Bernardo's Petition for Review is hereby transferred to the Third Circuit Court of Appeals for all further proceedings.

---

**2.** Two other circuits have ruled on a related jurisdictional question under § 921(c)—whether more than one circuit has jurisdiction to consider a Petition for Review when a claimant is exposed to coal dust in more than one circuit. *Hon v. Director, OWCP,* 699 F.2d 441 (8th Cir. 1983); *Consolidation Coal Co. v. Chubb,* 741 F.2d 968 (7th Cir.1984). This question is not presented here and we expressly do not rule on it.

**3.** Our ruling in this case concerning § 921 is in no way inconsistent with this court's decision in *Todd Shipyards Corp. v. Black,* 717 F.2d 1280 (9th Cir.1983), *cert. denied,* —— U.S. ——, 104 S.Ct. 1910, 80 L.Ed.2d 459 (1984) which defined "time of injury" as used in 33 U.S.C. § 910. That case implicated different concerns and required a determination of congressional intent on policies not at issue in the instant case.