Ralph W. BERNARDO, Petitioner,

v.

**DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, Respondent.**

No. 85–3613.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) May 1, 1986.

Decided May 12, 1986.

Stephen W. Webster, O'Leno & Webster, San Marcos, Cal., for petitioner.

Francis X. Lilly, Sol. of Labor, Donald S. Shire, Associate Sol., J. Michael O'Neill, Counsel for Appellate Litigation, Roscoe C. Bryant, III, U.S. Dept. of Labor, Washington, D.C., for respondent.

Before SLOVITER and STAPLETON, Circuit Judges, and MENCER, District Judge.[*]

---

12. n. 10 supra.

* Hon. Glenn E. Mencer, United States District Court for the Western District of Pennsylvania, sitting by designation.

## OPINION OF THE COURT

SLOVITER, Circuit Judge.

### I.

Petitioner Ralph W. Bernardo filed a Petition for Review from the decision of the Benefits Review Board affirming the denial of benefits under the Black Lung Benefits Act, 30 U.S.C. § 901 *et seq.* The petition, originally filed by Bernardo in the United States Court of Appeals for the Ninth Circuit, was transferred by that court to us after it declined jurisdiction, 772 F.2d 576.

According to Bernardo, he was born in 1909, worked in Pennsylvania coal mines for a total of 17 years, from 1928 to 1946, worked in a steel mill until 1960, worked as a night maintenance supervisor in a restaurant until 1974, and retired in 1974 at the age of 65. The Director does not deny these facts.

Bernardo first filed for benefits under the Black Lung Benefits Act on August 13, 1973. His claim was denied by the Department of Labor (DOL) in 1979, and, on his request, the matter was heard by an Administrative Law Judge in 1981. Two medical reports were introduced. One was the conclusory opinion of Dr. Arthur Nicolaysen that Bernardo "is unable to work in coal mines due to chronic obstructive pulmonary disease, mild angina, hypertension, and his age of seventy-one." The other opinion by Dr. James S. Otoshi included a series of studies, among them ventilatory function studies, and contained the following assessment:

> The patient has a mild restrictive lung defect with minimal functional impairment. The etiology of the restrictive disease is unclear. Chest x-ray shows no clear evidence of coal workers pneumoconiosis. However, it is quite possible that he has some degree of interstitial fibrosis which is not present on the chest x-ray which might have been due to exposure to coal dust or silica in the coal mines. There is no other obvious cause for the mild restriction present.

The ventilatory function studies established the presence of chronic respiratory or pulmonary disease by values which were equal to or less than the values specified in the table of the applicable regulation, 20 C.F.R. § 727.203(a). Therefore, the ALJ held that Bernardo was entitled to the interim presumption of disability pursuant to that regulation.

The ALJ held, however, that the presumption of disability had been rebutted as provided in 20 C.F.R. § 727.203(b)(3). Section 727.203(b)(3) permits rebuttal when "[t]he evidence establishes that the total disability ... of the miner did not arise in whole or in part out of coal mine employment." The ALJ applied a recent Benefits Review Board decision, *Jones v. The New River Co.*, 3 Black Lung Rep. 1–199 (1981), that construed section 727.203(b)(3) as requiring a claimant to be totally disabled as a result of coal mine employment. The ALJ concluded that Bernardo's presumptive disability was rebutted "under Section 727.-203(b)(3), as the evidence reflects that the *total* disability of the Claimant is not in and of itself the result of pneumoconiosis but rather is a combination of his age, hypertension, angina, and pulmonary disease." App. at 14 (emphasis added).

Bernardo appealed the ALJ's decision to the Benefits Review Board. The Board, without discussing the ALJ's interpretation of the regulation, found the ALJ's opinion was supported by substantial evidence because Dr. Nicolaysen's report, read in conjunction with Dr. Otoshi's report, allowed the ALJ to find that "claimant's respiratory disease is not in and of itself disabling." App. at 18. The Board continued, "while claimant does have some impairment due to restrictive lung disease ... and while that impairment may be due to pneumoconiosis, the Director has nonetheless rebutted by showing that claimant's restrictive lung disease is not disabling." *Id.*

On appeal, the Director concedes that "the legal analysis of the applicable regulations in both the ALJ and Board decisions is flawed" but argues that this court should nonetheless affirm the denial of benefits for other reasons which are sup-

ported in the record. Director's Brief at 17.

## II.

The interim presumption on which both the ALJ and the Board focused was that established by a regulation which provides that a miner who engaged in coal mine employment for at least 10 years will be presumed to be totally disabled due to pneumoconiosis if one of certain described medical requirements is met. 20 C.F.R. § 727.203(a). The regulation also provides that once established, the interim presumption can be rebutted if, considering all relevant medical evidence, the evidence establishes: (b)(1) the claimant is doing his usual coal mine work or comparable work and gainful work; (b)(2) the claimant is able to do his usual coal mine work or comparable and gainful work; (b)(3) the total disability (or death) of the miner did not arise in whole or in part out of coal mine employment; or (b)(4) the miner does not or did not have pneumoconiosis. 20 C.F.R. § 727.203(b).

The ALJ and Board erred in this case by finding rebuttal under § 707.203(b)(3). The (b)(3) provision for rebuttal is concerned with the source of disability. In *Jones*, the Board erred in construing section 727.-203(b)(3) as related to the degree of disability, *i.e.*, total, that must arise from coal mine employment. *See Jones*, 3 Black Lung Rep. at 1-208-1-209. That aspect of *Jones* has been overruled by every circuit which has considered it, including this one. *See Carozza v. United States Steel Corp.*, 727 F.2d 74 (3d Cir.1984). The Director concedes that "[r]eference to, and reliance on, *Jones* as the legal basis for denying benefits ... has merely confused the rebuttal analysis." Director's Brief at 18 n. 9. It follows from the Director's concession and from our precedent that the decision of the Board cannot be sustained on the basis on which it was rendered, *i.e.*, that the Director had rebutted the interim presumption under (b)(3).

The Director argues that we may sustain the decision denying benefits for one of two reasons. He argues that the interim presumption should never have been applied because Bernardo's ventilatory function study did not conform to the mandatory standards of 20 C.F.R. § 410.-430, and second, that even if Bernardo were entitled to the interim presumption, that presumption is rebutted since the record is sufficient to establish that Bernardo "is able to do his usual coal mine work or comparable and gainful work" within section 727.203(b)(2).

The evaluation of the medical evidence is a task that Congress allocated to the administrators in the first instance. In *Director, Office of Workers' Compensation Programs v. North American Coal Corp.*, 626 F.2d 1137 (3d Cir.1980), this court refused to consider an argument made by the Director on appeal that had not been presented to or considered by the Board. We stated:

It is generally recognized that under the doctrine of exhaustion of administrative remedies a court should not consider an argument which has not been raised in the agency proceedings which preceded the appeal, absent unusual circumstances. As the Supreme Court announced over thirty years ago in *Unemployment Compensation Commission of Territory of Alaska v. Aragon*, 329 U.S. 143, 155, 67 S.Ct. 245, 251, 91 L.Ed. 136 (1946):

A reviewing court usurps the agency's function when it sets aside the administrative determination upon a ground not theretofore presented and deprives the Commission of an opportunity to consider the matter, making its ruling, and state the reasons for its action.

*Id.* at 1143. *See also Sea-Land Service, Inc. v. Director, Office of Workers' Compensation Programs*, 552 F.2d 985, 987-88 n. 1 (3d Cir.1977). We cannot speculate what arguments Bernardo might have raised before the Board had the ALJ adopted the position now advanced by the Director. We are unwilling to deprive him of his right to appeal to the Board, and to circumvent the Board's consideration of

those issues. We believe that a remand is the most appropriate course.

For the same reason, we will not consider Bernardo's contention that he is entitled to the statutory presumption of disability. The statute provides that for claims filed on or before December 31, 1973, a miner who was employed for 15 years or more in an underground coal mine will be considered presumptively "totally disabled due to pneumoconiosis" when a chest x-ray "is interpreted as negative with respect to requirements of paragraph (3) of this subsection, and if other evidence demonstrates the existence of a totally disabling respiratory or pulmonary impairment." 30 U.S.C. § 921(c)(4). Bernardo argues that rebuttal of the statutory presumption will be more difficult for the Director than rebuttal of the regulatory presumption.

Although the Director concedes that Bernardo worked in coal mine employment more than the 15 years requisite to invoking the statutory presumption, the Director argues that Bernardo may not raise the issue of the presumption provided by the statute for the first time on appeal. There is some irony in the Director's position since he seeks, at the same time, to have us sustain the Board's decision on the basis of an argument raised for the first time on appeal, *i.e.*, the rebuttal of the interim presumption pursuant to 20 C.F.R. § 727.-203(b)(2). As noted above, we believe that all of these issues, including whether the arguments raised by either of the parties have been waived, should be addressed to the Board.

For the foregoing reasons, we will grant the Petition for Review and remand to the Board for further proceedings in accordance with this opinion.