**EASTERN ASSOCIATED COAL CORP., Petitioner,**

**v.**

**DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS; Franklin E. Patrick, Respondents.**

**No. 85–1758.**

United States Court of Appeals, Fourth Circuit.

Argued Jan. 7, 1986.

Decided May 23, 1986.

Anthony J. Cicconi (Shaffer & Shaffer on brief), for petitioner.

J. Michael O'Neill, Appellate Litigation, U.S. Dept. of Labor (Francis X. Lilly, Sol. of Labor; Donald S. Shire, Associate Sol., Joseph E. Wolfe, Wolfe & Farmer on brief), for respondents.

Before ERVIN and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.

BUTZNER, Senior Circuit Judge:

Eastern Associated Coal Corporation appeals a decision of the Benefits Review Board imposing liability for benefits to Franklin E. Patrick, a federal mine inspector, pursuant to the Black Lung Benefits Act, 30 U.S.C. §§ 901–960 (1982). We affirm because Eastern, and not the federal government, is the most recent responsible mine operator to employ Patrick.

## I

In August 1977, Patrick filed a claim for disability benefits. Patrick alleged that he was disabled due to pneumoconiosis. He had worked as a coal miner for 14 years between 1949 and 1971. He was an employee of Eastern from December 1966 until May 1971, when he left Eastern to work as a mine inspector.

The Act imposes liability on the most recent responsible operator for whom Patrick worked as a miner for one year with at least one day of employment occurring after December 31, 1969. An administrative law judge determined that Patrick was disabled. Eastern does not dispute this finding. The ALJ also ruled that Patrick was not employed as a miner while working as a mine inspector. In addition, the ALJ held that the federal government was not a responsible operator because there was no evidence that Patrick ever worked in a mine operated by the government. *See* 30 U.S.C. § 932(c) (1982). Accordingly, the ALJ determined that Eastern was liable because it was the most recent responsible operator to employ Patrick as a miner for one year.

Eastern appealed the ALJ's decision to the Benefits Review Board. The Board rejected the ALJ's determination that a mine inspector is not a miner for purposes of the Act. However, the Board agreed with the ALJ that the federal government is not a responsible operator. Relying on *Moore v. Duquesne Light Co.,* 4 Black

Lung Rep. 1–40.2 (1981), *aff'd,* 681 F.2d 805 (3d Cir.1982) (unpublished), the Board held that the federal government was not a responsible operator because it was immune from any claims brought by its employees under the Act. The Board concluded that the government is only liable to its employees for disability claims brought under the Federal Employees Compensation Act, 5 U.S.C. §§ 8101–8193 (1982). *See* 5 U.S.C. § 8116(c) (1982).[1] Because the government did not qualify as a responsible operator, the Board affirmed the ALJ's decision imposing liability on Eastern.

## II

■ Eastern argues that the government is a responsible operator notwithstanding its immunity from liability under the Act. Eastern contends that the "legal capacity to provide benefits ... is not a prerequisite to the designation as responsible operator under [20 C.F.R.] § 725.492. The plain language of the regulations refers only to the *financial* capability of the operator to provide benefits." Therefore, Eastern asserts, because the government has sufficient financial resources to pay disability claims, it is a responsible operator, and the effect of the government's immunity from such claims is to be addressed only after the government is designated as a responsible operator. Eastern claims that all prior decisions, with the exception of *Moore,* have focused solely on the financial resources of the employer alleged to be the responsible operator. Eastern also relies on the fact that an employer who is designated a responsible operator may subsequently be excused from liability if it establishes that the claimant's disability did not result from his employment, or if a determination of nondisability is reversed because of the liberalized eligibility criteria that Congress adopted in 1977.

---

1. Patrick has also filed a claim for compensation against the federal government pursuant to the Federal Employees Compensation Act. Any award that Patrick receives from the government will reduce the amount of benefits that Eastern must pay. *See* 30 U.S.C. § 932(g) (1982).

We reject Eastern's argument. The term "responsible operator" is not defined in the Act. However, 20 C.F.R. § 725.-492(a) provides:

> In order for an employer to be considered a responsible operator . . .
>
> \* \* \* \* \* \*
>
> (2) The operator shall have been an operator of a coal mine or other facility for any period after June 30, 1973;
>
> (3) The miner's employment with the operator or other employer shall have included at least 1 working day . . . after December 31, 1969; and
>
> (4) The operator or the employer shall be capable of assuming its liability for the payment of continuing benefits under this part. . . .

No agency of the government is capable of assuming liability for the payment of black lung benefits as required by § 725.-492(a)(4). "The United States, as sovereign, is immune from suit save as it consents to be sued. . . ." *United States v. Sherwood*, 312 U.S. 584, 586, 61 S.Ct. 767, 769, 85 L.Ed. 1058 (1941). Moreover, "[a] waiver of sovereign immunity 'cannot be implied but must be unequivocally expressed.' " *United States v. Mitchell*, 445 U.S. 535, 538, 100 S.Ct. 1349, 1351, 63 L.Ed.2d 607 (1980). No provision of the Act waives the government's immunity from suit. Therefore, Patrick cannot obtain benefits from the government pursuant to the Act. His exclusive remedy is to file a claim under the Federal Employees Compensation Act. *See* 5 U.S.C. § 8116(c) (1982). Accordingly, we affirm the Board's determination that the federal government is not a responsible operator because it is immune from liability for claims brought under the Black Lung Benefits Act.

Eastern's reliance on cases concerned with the financial resources of the employer is misplaced. These cases do not involve claims brought by federal employees. Accordingly, the issue of sovereign immunity does not arise. Therefore, these cases quite naturally only examine the employer's financial ability to pay benefits.

Eastern's reliance on the fact that a responsible operator may be excused from liability is also misplaced. Eastern notes that pursuant to Truitt v. North American Coal Corp., 2 Black Lung Rep. 1–199 (1979), and 20 C.F.R. § 725.493(a)(6),.497 (1985), a responsible operator may be excused from liability if it establishes that its employment did not contribute to the claimant's disability, or if a determination of nondisability is reversed because of the liberalized eligibility criteria that Congress adopted in 1977. However, in these circumstances an employer is excused from liability for reasons that are unrelated to its ability to pay benefits. Therefore, these authorities do not support Eastern's contention that an employer can be designated a responsible operator notwithstanding its inability to pay benefits.[2]

### III

■ Eastern asserts that even if the government is not a responsible operator, liability cannot be imposed on a prior employer unless the prior employer was a "prior operator." Eastern claims that be-

---

**2.** The Director, Office of Workers' Compensation Programs, advances two additional reasons why the government is not liable. First, the Director contends that a mine inspector is not a "miner" for purposes of the Act. Therefore, Patrick was never employed by the government as a miner. Accordingly, this predicate to liability is missing. The Director also argues that the federal government is not a mine "operator." Therefore, it cannot qualify as a "responsible operator." *See* 20 C.F.R. § 725.492(a)(2) (1985).

We decline to address these issues because they do not affect the outcome of this case. The issue of whether a mine inspector is a "miner" will be critical when a claimant needs the time spent as an inspector to qualify for the provision in 20 C.F.R. § 725.203 (1985) that one who has worked as a miner for 10 years may be presumed to be disabled from pneumoconiosis. This issue is not presented in this case because it is conceded that Patrick worked as a miner for 14 years before assuming his job as a mine inspector.

We also decline to decide whether the federal government is a mine operator because it operates the Safety Research Mine at Bruceton, Pennsylvania. The government's operation of the Bruceton mine is irrelevant because Patrick never worked at this mine. *See* 30 U.S.C. § 932(c) (1982).

cause no prior operator has been identified, no liable party exists. Therefore, liability should be transferred to the Black Lung Disability Trust Fund pursuant to 26 U.S.C. § 9501(d)(1)(B) (1982).

We cannot adopt Eastern's interpretation of the regulations pertaining to a "prior operator." Section 725.493(a)(2), on which Eastern relies, deals with an operator who transfers mines to a successor operator that does not have the financial resources to pay benefits. Under these circumstances, the "prior operator" remains liable. The regulation simply is not pertinent to this case because no prior operator of a mine operated by the federal government exists. Therefore, there is no prior operator who could assume liability in place of the federal government pursuant to 20 C.F.R. § 725.493(a)(2) (1985).

Contrary to Eastern's assertion, the absence of a prior operator does not mean that no responsible operator exists.

20 C.F.R. § 725.493(a)(4) (1985) provides:

If there is no operator which meets the conditions of paragraphs (a)(1) or (2) of this section, the responsible operator shall be considered to be the operator with which the miner had the latest periods of cumulative employment of not less than 1 year, *subject to the provisions of paragraph (a)(2) of this section* and provided that the conditions of § 725.-492(a)(2)–(a)(4) are met. (emphasis added)

The government does not meet the conditions of § 725.493(a)(1) or (a)(2). Furthermore, Eastern is "the operator with which the miner had the latest periods of cumulative employment of not less than 1 year" that also satisfies the conditions of § 725.-492(a)(2)–(a)(4). Therefore, Eastern qualifies as the responsible operator pursuant to this paragraph.

We reject Eastern's argument that the italicized language means that an employer can qualify as a responsible operator under § 725.493(a)(4) only if it also qualifies as a prior operator under § 725.493(a)(2). This interpretation would render § 725.493(a)(4) superfluous. The italicized language sim-

ply indicates that prior and successor operators of a previous employer may also be liable for the payment of benefits as provided by § 725.493(a)(2).

The decision of the Board imposing liability on Eastern is affirmed.

AFFIRMED.