**Riat DANKO, Widow of Joseph Danko, Petitioner,**

v.

**DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, U.S. DEPARTMENT OF LABOR, Respondent.**

**No. 86–3760.**

United States Court of Appeals, Sixth Circuit.

Submitted March 25, 1988.

Decided May 12, 1988.

Rita Danko, pro se.

Carl Nash, Jean Nash, Cleveland, Ohio, for petitioner.

Thomas Holzman, Ronald G. Ray, Office of the Sol., Benefits Review Bd., U.S. Dept. of Labor, Washington, D.C., for respondent.

Before MILBURN and BOGGS, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.

PER CURIAM.

Petitioner Rita Danko seeks review of a Benefits Review Board ("Board") decision denying her deceased husband's application for benefits under the Black Lung Benefits Act ("Act"), 30 U.S.C. §§ 901–960, as well as her application for survivor's benefits. For the reasons that follow, this petition is dismissed.

I.

Joseph Danko filed an application for black lung benefits on November 23, 1973. His application was denied on October 24, 1974, and again on November 19, 1980. Danko requested an administrative hearing, and on July 25, 1981, the case was referred to the Office of Administrative Law Judges. Danko died on March 24, 1981, and his widow, Rita Danko, filed a survivor's claim on January 14, 1983. After a formal hearing on both claims, an Administrative Law Judge ("ALJ") issued a Decision and Order denying benefits on December 23, 1983. Mrs. Danko filed a timely notice of appeal with the Board, and the Board affirmed the ALJ's decision on April 14, 1986.

Mrs. Danko then sent the following undated letter, postmarked June 13, 1986, to the Board expressing a desire to appeal the Board's Decision and Order issued on April 14, 1986.

Case No. 81–BLA–4037
No. 84–331 BLA
No. 177–01–1450

I Mrs. Rita Danko
Widow of Joseph Danko
I am appealing my claim on my own
I have 60 days from the date decision
was issued 14 of April 1986 my attorney
was
Charles J. Lally
Lynch & Lynch Co. L.P.A.
1711 Statler Office Tower
Cleveland Ohio 44115
I have no attorney as of now

As the letter was untimely as a motion for rehearing or reconsideration,[1] the Board forwarded the letter to this court. The clerk of this court received the letter on August 18, 1986. However, the letter was stamped using the June 20, 1986, date on which the Board received the petition. That filing date occurred sixty-seven days after the issuance of the Board's decision.

Mr. Danko was employed as a coal miner from 1934 through 1947, except for the time he served in World War II. Mr. Danko's application reflects, and it is not disputed, that he worked solely in coal mines in the State of Pennsylvania. He later moved to Ohio where he was living at the time he filed for benefits, and where Mrs. Danko currently resides.

## II.

■ The Black Lung Benefits Act provides that the Longshore and Harbor Workers' Compensation Act ("LHWCA"), 33 U.S.C. § 901 *et seq.*, governs appeals from decisions of the Board. 30 U.S.C. § 932(a). The LHWCA provides in pertinent part:

Any person adversely affected or aggrieved by a final order of the Board may obtain a review of that order *in the United States court of appeals for the circuit in which the injury occurred by filing in such court within sixty days following the issuance of such Board*

*order* a written petition praying that the order be modified or set aside.

33 U.S.C. § 921(c) (emphasis supplied). Section 921(c) is a jurisdictional provision, not a venue provision. *See Hon v. Director, Office of Workers' Compensation Programs,* 699 F.2d 441, 443 n. 1 (8th Cir. 1983).

■ When faced with the identical question, the Eighth, Ninth, and Eleventh Circuits have concluded that the place where a coal mine worker is exposed to coal dust, not the place where the injury manifests itself, is the circuit in which the injury occurred and the circuit in which jurisdiction is proper. *Hardesty v. Benefits Review Board,* 783 F.2d 138, 139 (8th Cir. 1986) (per curiam); *Bernardo v. Director, Office of Workers' Compensation Programs,* 772 F.2d 576 (9th Cir.1985); *Slatick v. Director, Office of Workers' Compensation Programs,* 698 F.2d 433, 434 (11th Cir.1983) (order). We now join those circuits. Therefore, as Danko was exposed to coal dust solely in the State of Pennsylvania, the Third Circuit is the proper forum for this appeal.[2]

■ When this court determines that we are without jurisdiction to hear an appeal, we then consider whether we should transfer the appeal to the appropriate circuit pursuant to 28 U.S.C. § 1631, which provides:

Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, *if it is in the interest of justice,* transfer such action or appeal *to any other such court in which the action or appeal could have been brought at the time it was filed or noticed,* and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is trans-

---

1. 20 C.F.R. § 802.407(a), as amended, provides in pertinent part:

    Any party-in-interest may, within 30 days from the filing of a decision ..., request reconsideration of such decision by those members who rendered the decision.

2. We express no opinion as to the proper forum or forums when a claimant is exposed to coal dust in more than one circuit.

ferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

(Emphasis supplied). The dispositive question is whether or not a transfer of the petition would be in the interest of justice. Because this appeal was not timely filed in this court, we hold that it would not. *See Hardesty*, 783 F.2d at 139.

■ Under 33 U.S.C. § 921(c), a petition for review must be filed in this court within sixty days following the issuance of the Board order. The petition must be *received* by the clerk of this court on or before the sixtieth day to be timely. Fed. R.App.P. 15(a), 25(a). This court strictly construes and adheres to that rule. *See Bolling v. Director, Office of Workers' Compensation Programs*, 823 F.2d 165 (6th Cir.1987) (order). Therefore, to invoke this court's jurisdiction, Mrs. Danko's letter must have been filed in this court by June 13, 1986. It was not filed until some time later.

■ Moreover, absent *specific statutory authority*, the clerk may not enlarge the time for filing a petition for review from an order of an administrative agency or board. Fed.R.App.P. 26(b). Therefore, "[r]ule 15(a), Federal Rules of Appellate Procedure, governing the review of agency orders, does not allow this court to accept the date that the letter/petition was received by the Board as the date for filing in this court." *Bolling*, 823 F.2d at 166.[3]

Finally, we note that the doctrine of excusable neglect, Fed.R.App.P. 4(a)(5), is not statutorily permitted in appeals governed by 33 U.S.C. § 921(c). Therefore, we may not inquire as to why the petition is untimely.

### III.

Because we have no jurisdiction over this appeal, in view of Mrs. Danko's untimely written petition expressing a desire to appeal, we are powerless to transfer this petition to the Third Circuit, the appropriate forum. Accordingly, the Petition for Review is hereby DISMISSED.

---

**3.** While not dispositive in this case, we note that this court's clerk erroneously stamped Mrs. Danko's letter as filed on the date it was received by the Board. It should have been stamped as filed on August 18, 1986, the date it was actually received by this court.