**Kenneth KOPP, Petitioner,**

v.

**DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF LABOR, Respondent.**

No. 88–2954.

United States Court of Appeals, Fourth Circuit.

Argued May 8, 1989.

Decided June 13, 1989.

---

Vernon M. Williams (Joseph E. Wolfe, Wolfe & Farmer, Norton, Va., on brief), for petitioner.

Richard Zorn, Richmond, Va. (Jerry G. Thorn, Acting Sol. of Labor, Donald S. Shire, Associate Sol., Sylvia T. Kaser, Washington, D.C., Counsel for Appellate Litigation, U.S. Dept. of Labor Office of the Sol., on brief), for respondent.

Before HALL and WILKINS, Circuit Judges, and DUPREE, Senior United States District Judge for the Eastern District of North Carolina, sitting by designation.

K.K. HALL, Circuit Judge:

Kenneth Kopp ("claimant") petitions for review of the Benefits Review Board's ("BRB") affirmance of the Administrative Law Judge's ("ALJ") decision and order denying benefits under the Black Lung Benefits Act, 30 U.S.C. § 901 *et seq.* Because we do not have jurisdiction over this appeal, we decline to address the merits of this claim and, pursuant to 28 U.S.C. § 1631, we order that this petition for review be transferred to the Third Circuit.

## I.

Claimant worked as a coal miner for R & K Coal Company in Wiconisco, Pennsylvania, from the mid–1950's until 1972. He started as a laborer, however, by the time he left R & K Coal in March, 1972, he was one of its mine superintendents. Claimant left the mines to become a federal mine inspector for the Department of Labor, Mine Safety and Health Administration. The job required him to relocate in the Commonwealth of Virginia. The record indicates that claimant continued in this position at least until May, 1986, the date of his hearing before the ALJ.

Claimant filed this claim for benefits on June 28, 1973. It was denied by the Social Security Administration ("SSA") on October 15, 1973. In 1979, after passage of the Black Lung Benefits Reform Act of 1977, Pub.L. No. 95–239, 92 Stat. 95, claimant elected to have his claim again reviewed by the SSA. It was again denied. The claim was then referred to the Department of Labor, which likewise denied benefits in July, 1980. After another denial by the Department of Labor following an informal conference in 1984, claimant requested a formal hearing before an ALJ. Claimant's hearing was held in May, 1986, and by order dated March 20, 1987, his claim was denied on the merits. A timely notice of appeal was filed with the BRB, which af-

firmed the denial by order dated September 23, 1988. This petition for review followed.

## II.

 The Director contends that we cannot address the merits of claimant's petition because we do not have jurisdiction. We agree.

Review of BRB decisions in the circuit courts is controlled by § 422(a) of the Black Lung Benefits Act, 30 U.S.C. § 932(a), which has incorporated § 21(c) of the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 921(c). The statute reads in part:

> Any person adversely affected or aggrieved by a final order of the Board [BRB] may obtain a review of that order in the United States court of appeals *for the circuit in which the injury occurred, ....*

(emphasis added).

This provision has been consistently interpreted to mean that jurisdiction is appropriate only in the circuit where the miner's coal mine employment, and consequently his harmful exposure to coal dust, occurred. *Danko v. Director, O.W.C.P., United States Dept. of Labor,* 846 F.2d 366, 368 (6th Cir.1988); *Hardesty v. Benefits Review Board,* 783 F.2d 138, 139 (8th Cir.1986) (per curiam); *Bernardo v. Director, O.W.C.P.,* 772 F.2d 576, 578 (9th Cir.1985); *Slatick v. Director, O.W.C.P.,* 698 F.2d 433, 434 (11th Cir.1983) (order). In this case, there is no dispute but that all of claimant's coal mine employment and coal dust exposure occurred in Pennsylvania,[1] hence, jurisdiction over this petition is appropriate in the Third Circuit.

 Our decision that we are without jurisdiction in this matter does not end our inquiry. We must next determine whether this petition should be transferred to our sister circuit. This determination is controlled by 28 U.S.C. § 1631, which allows for transfer of petitions over which we

have no jurisdiction "if it is in the interest of justice." Claimant's mistake in filing for review in his home circuit is just the type of good faith mistake that Congress intended 28 U.S.C. § 1631 to remedy. S.Rep. No. 275, 97th Cong., *reprinted in* 1982 U.S.Code Cong. and Adm. News 11, 40. We have no trouble concluding that justice will be served if this petition is transferred for review in the Third Circuit.

IT IS SO ORDERED.

---

**1.** We held in *Eastern Associated Coal Corp. v. Director, O.W.C.P.,* 791 F.2d 1129, 1131 (4th Cir. 1986), that a federal mine inspector's exclusive remedy for on-the-job coal dust exposure was through the Federal Employees' Compensation Act, 5 U.S.C. § 8116(c). Thus, any coal dust exposure that claimant suffered while working for the federal government in Virginia cannot qualify as an injury under the Black Lung Benefits Act.