886 F.2d 1315
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Deloris S. GEORGE, Widow of Joseph A. George, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR, Respondent.
 No. 89-3485.
 United States Court of Appeals, Sixth Circuit.
 Oct. 6, 1989.
 
 Before KEITH, NATHANIEL R. JONES and RALPH B. GUY, Jr., Circuit Judges.
 
 ORDER
 
 1
 This matter is before the court upon consideration of the respondent's motion to transfer the petition for review to the United States Court of Appeals for the Fourth Circuit. Respondent states that the miner was exposed to coal dust exclusively in West Virginia within the territorial jurisdiction of the United States Court of Appeals for the Fourth Circuit. Petitioner has failed to respond. This court entered an order on August 2, 1989, directing the petitioner to show cause why the case should not be dismissed for lack of jurisdiction because of a late filed petition for review. Petitioner responded to this court's order of August 2, 1989, and enclosed a copy of the petition for review originally received stamped in this court on May 31, 1989, and changed to June 1, 1989.
 
 
 2
 A petitioner may seek review of a final order of the Benefits Review Board by filing a petition for review in the "United States court of appeals for the circuit in which the injury occurred." 33 U.S.C. Sec. 921(c). This has been interpreted to mean where the worker was exposed to coal dust, not where the injury manifested itself. Although the court has authority to transfer the appeal to the appropriate circuit pursuant to 28 U.S.C. Sec. 1631, such is not in the interest of justice where the appeal was not timely filed. The petition for review was required to be received by the clerk within sixty days following the issuance of the Board's order which in the instant case was no later than May 30, 1989. Whether the petition was received May 31, 1989, or June 1, 1989, it was late. See Danko v. Director, OWCP, 846 F.2d 366 (6th Cir.1988) (per curiam). This court has no jurisdiction over the case because of the late petition for review and cannot transfer the petition to the Fourth Circuit.
 
 
 3
 It is ORDERED that the motion to transfer be denied and the appeal be, and it hereby is, dismissed. Rule 9(b)(1), Rules of the Sixth Circuit.