**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 7 1998**

**PATRICK FISHER**
Clerk

PUBLISH

# UNITED STATES COURT OF APPEALS
## TENTH CIRCUIT

---

JANET M. BROYLES, Widow
of Earl Broyles,

     Petitioner,

v.

DIRECTOR, OFFICE OF WORKERS'
COMPENSATION PROGRAMS,
UNITED STATES DEPARTMENT
OF LABOR,

     Respondent.

No. 97-9559

---

Appeal from the United States Department of Labor (except OSHA)
(No. 96-0765 BLA)

---

Jeffrey B. Diamond, Carlsbad, New Mexico, for Petitioner.

Marvin Krislov, Deputy Solicitor for National Operations, Donald S. Shire,
Associate Solicitor for Black Lung Benefits, Christian P. Barber, Counsel for
Appellate Litigation, and Edward Waldman, Attorney, U. S. Department of Labor,
Washington, D.C., for Respondent.

---

Before **SEYMOUR**, Chief Judge, **BRORBY** and **BRISCOE**, Circuit Judges.

---

**SEYMOUR**, Chief Judge.

Janet Broyles, the widow of a coal miner, filed a claim for survivor's benefits under the Black Lung Benefits Act. After her claim was administratively denied, she received a hearing before an Administrative Law Judge, who issued an order denying benefits. Mrs. Broyles appealed that decision to the Benefits Review Board, which affirmed the denial and denied her motion for reconsideration. Mrs. Broyles then timely petitioned this court for review. The federal respondent filed a motion to transfer the petition to the United States Court of Appeals for the Seventh Circuit, asserting that this court lacks jurisdiction over the subject matter presented for review. We agree and accordingly transfer this case to the Seventh Circuit.[1]

Judicial review of final decisions of the Benefits Review Board is governed by section 422(a) of the Black Lung Benefits Act, 30 U.S.C. § 932(a), which incorporates section 21(c) of the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 921(c). That statute provides in pertinent part that "[a]ny person adversely affected or aggrieved by a final order of the [Benefits Review Board] may obtain a review of that order in the United States court of appeals for the circuit in which the injury occurred." Id. This provision has consistently been

_____

[1]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

held to be jurisdictional in nature.  See Bernardo v. Director, OWCP, 772 F.2d 576, 577 n.1 (9th Cir. 1985) (citing cases).

Every circuit considering the matter has consistently held that "jurisdiction is appropriate only in the circuit where the miner's coal mine employment, and consequently his harmful exposure to coal dust, occurred."  Kopp v. Director, OWCP, 877 F.2d 307, 309 (4th Cir. 1989) (citing cases).  Courts have rejected the argument that the injury occurs where the disease manifests itself rather than the place of exposure to coal dust.  See, e.g., Danko v. Director, OWCP, 846 F.2d 366, 368 (6th Cir. 1988); Bernardo, 772 F.2d at 577-78.  As the court in Bernardo pointed out, because determining the place of manifestation in black lung cases is difficult and prone to dispute, basing jurisdiction on manifestation rather than the place of exposure would generate factual disputes and ultimately frustrate a swift resolution of these cases on their merits.  Id. at 778.

It is undisputed that Mr. Broyles' only exposure to coal dust occurred in the Seventh Circuit.  Mrs. Broyles contends that jurisdiction is nonetheless proper in this circuit because her husband lived here for a lengthy period before his death, received all of his medical treatment here, and died here.  This argument is in essence a variation of the contention that injury occurs when the disease manifests itself.  We agree with the unanimous rulings of our sister circuits rejecting this assertion and adopting the "sensible rule" that jurisdiction is appropriate in the

circuit where exposure occurred.  Id.

Mrs. Broyles also asserts that the place of exposure is irrelevant to her claim for survivor's benefits because she must only show that black lung disease caused or hastened her husband's death.  The statute, however, applies to any person aggrieved by a Board decision.  The court in Danko rejected a similar claim in a petition for survivor's benefits.  See 846 F.2d at 368.

Accordingly, we conclude we are without jurisdiction to review the Board's decision.  In these circumstances, we are authorized to transfer the appeal to the appropriate court when the interests of justice would be served.  See 28 U.S.C. § 1631.  We see no reason why the appeal should not be transferred, particularly when the federal respondent has suggested that transfer is appropriate.  Mrs Broyles' petition for review is therefore transferred to the Seventh Circuit for all further proceedings.