**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**May 11, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

NICK J. BRANDOLINO,

Petitioner,

v.

WYOMING FUEL COMPANY;
DIRECTOR, OFFICE OF WORKERS'
COMPENSATION PROGRAMS,
UNITED STATES DEPARTMENT
OF LABOR,

Respondents.

No. 05-9570
(No. 04-0815)
(Petition for Review)

**ORDER AND JUDGMENT**[*]

Before **PORFILIO**, **BALDOCK**, and **EBEL**, Circuit Judges.

Nick J. Brandolino petitions this court for review of a decision of the

Benefits Review Board of the Department of Labor (Board) affirming an

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

administrative law judge's (ALJ) denial of benefits to Mr. Brandolino under the Black Lung Benefits Act, 30 U.S.C. §§ 901-944 (the "Act"). Mr. Brandolino had argued to the Board that the ALJ's decision should be overturned because the ALJ had used an improper standard of causation in denying him benefits. The Board upheld the ALJ's decision on the ground that, given the unchallenged factual findings of the ALJ, denial of benefits was proper under either of the possible causation standards.

Mr. Brandolino argues on appeal that "[i]f it had been known or anticipated that th[e] higher standard was being utilized claimant could have provided additional evidence from additional physicians to meet this burden." Pet'r Br. at 8.

"Judicial review of final decisions of the Benefits Review Board is governed by section 422(a) of the Black Lung Benefits Act, 30 U.S.C. § 932(a), which incorporates section 21(c) of the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 921(c)." *Broyles v. Dir., OWCP*, 143 F.3d 1348, 1349 (10th Cir. 1998). "That statute provides in pertinent part that '[a]ny person adversely affected or aggrieved by a final order of the [Benefits Review Board] may obtain a review of that order in the United States court of appeals for the circuit in which the injury occurred.'" *Id.* (quoting 33 U.S.C. § 921(c)).

> Our task in reviewing the Board's order is to decide whether the
> Board correctly concluded that the ALJ's decision was supported by

substantial evidence and not contrary to law. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. However, in deciding whether substantial evidence exists to support the ALJ's decision, the court cannot reweigh the evidence, but may only inquire into the existence of evidence to support the trier of fact.

*N. Coal Co. v. Dir., OWCP*, 100 F.3d 871, 873 (10th Cir. 1996) (quotations and citations omitted).

We have carefully reviewed the materials submitted by the parties as well as the applicable law. We hold the Board correctly concluded that the ALJ's decision was supported by substantial evidence and not contrary to law. Mr. Brandolino knew that he had to meet one of the causation standards and did not provide evidence sufficient to meet either standard. Mr. Brandolino's petition for review is DENIED.

Entered for the Court

John C. Porfilio
Circuit Judge