

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-10-2008

# Consolidation Coal v. Director OWCP

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3944

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Consolidation Coal v. Director OWCP" (2008). *2008 Decisions.* Paper 246.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/246

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

_____

No. 07-3944

_____

CONSOLIDATION COAL COMPANY,
                                        Petitioner

v.

JOHN R. MCGREEVY; BENEFITS REVIEW BOARD;
DIRECTOR, OFFICE OF WORKERS' COMPENSATION
PROGRAMS, UNITED STATES DEPARTMENT OF LABOR,
                                        Respondents

_____

On Petition for Review of a Decision of the Benefits Review Board,
United States Department of Labor
District No. BRB-1: 06-0680-BLA

_____

Submitted Under Third Circuit LAR 34.1(a)
October 27, 2008

Before: SLOVITER, GREENBERG, Circuit Judges,
and IRENAS,* Senior District Judge

(Filed: November 10, 2008)

_____

OPINION

_____

_____

    * Honorable Joseph E. Irenas, Senior United States District
Judge for the District of New Jersey, sitting by designation.

SLOVITER, Circuit Judge.

Consolidation Coal Company ("Consolidation") petitions for review of the decision of the Benefits Review Board ("Board") affirming an award of disability benefits to John McGreevy, a retired coal miner, under the Federal Coal Mine Health and Safety Act of 1969, as amended, known as the Black Lung Benefits Act ("BLBA"). 30 U.S.C. §§ 901 et seq. We will deny the petition.

## I.

McGreevy is an eighty-one year-old man who worked as a coal miner for Consolidation for twenty-eight years and claims that he suffers from pneumoconiosis caused from exposure to "coal mine dust and asbestos during his mining career." Resp't Br. at 10. McGreevy filed an unsuccessful claim with the Department of Labor ("DOL") for federal black lung benefits in 1993. In 2001, he filed a second claim, which was denied in 2002, and McGreevy's case was forwarded to an Administrative Law Judge ("ALJ").

Before the ALJ, McGreevy testified that he started smoking cigarettes when he was seventeen or eighteen years old, smoked between two and three packs per day before quitting in 1989, but still smoked "small cigars once or twice a day." App. at 376. The ALJ also considered deposition testimony and medical examination records from four doctors engaged in connection with McGreevy's claim, as well as records from other physicians who had treated McGreevy or examined his records.

2

Numerous doctors found irregularities in McGreevy's lungs, but disagreed as to the diagnosis. Dr. Warfield Garson, who practiced preventative medicine, diagnosed McGreevy with coal worker's pneumoconiosis and found that he "was totally disabled from his last coal mine work." App. at 436. Two pulmonologists, Drs. Joseph Renn and Gregory Fino, disagreed: Dr. Fino concluded that McGreevy's lung ailments were related to neither smoking nor coal mining, and Dr. Renn concluded that they were smoking related, but also found that McGreevy did not have the capacity to perform his job. Several other doctors who reviewed McGreevy's chest x-rays disagreed among themselves whether the x-rays were consistent with coal worker's pneumoconiosis. Based on this evidence, the ALJ found that McGreevy was "totally disabled" due to pneumoconiosis and awarded him benefits.

On appeal, the Board vacated the ALJ's findings that McGreevy established the existence of pneumoconiosis, that McGreevy's medical condition had changed since the denial of his first black lung claim, and that McGreevy was totally disabled. The Board remanded the case to the ALJ to reconsider the medical opinions of Drs. Garson, Fino, and Renn, with consideration to whether Dr. Garson's opinion was "merely a restatement of an x-ray opinion." App. at 416.

On remand, the ALJ again awarded benefits, explaining that Dr. Garson's opinion was still the most persuasive. The Board affirmed the award on June 29, 2007, and this petition followed.

3

**II.**

We have jurisdiction under 33 U.S.C. § 921(c), as incorporated by 30 U.S.C. § 932(a). We review the decisions of the Board for errors of law and to "decide whether the [Administrative Law Judge's] findings are supported by substantial evidence." Walker v. Universal Terminal & Stevedoring Corp., 645 F.2d 170, 172 (3d Cir. 1981).

To establish black lung benefit eligibility, a claimant must establish that he suffers from pneumoconiosis that arose from coal mine employment, that the affliction from which he suffers results in total disability, and that he is no longer able to perform his job. 20 C.F.R. §§ 718.1(a), 718.202-204.

**III.**

Petitioner argues that the ALJ erred in crediting Dr. Garson's opinion over conflicting medical opinions and in failing adequately to consider whether the evidence rebutted the presumption that coal dust exposure resulted from coal mine employment. Both arguments fail.

Petitioner contends that the ALJ's decision to credit the opinion of Dr. Garson was not supported by substantial evidence because he ignored the findings of Drs. Fino and Renn, both of whom were pulmonologists. However, an "ALJ is not bound to accept the opinion or theory of any medical expert, but may weigh the medical evidence and draw its own inferences." Kertesz v. Crescent Hills Coal Co., 788 F.2d 158, 163 (3d Cir. 1986). Here, the ALJ weighed the conflicting medical diagnoses and determined that Dr.

4

Garson's opinion was the most persuasive. He states:

> Dr. Garson fully takes into account the Claimant's exposure to asbestos, tobacco smoke, and coal mine dust, rendering a conclusion which is consistent with the histories given by the Claimant, the objective laboratory testing, and the results of his own observations on physical examination of the Claimant and his review of the records herein."

App. at 440.

Contrary to Consolidation's argument, Dr. Garson did have the opportunity to consider the conflicting reports of other doctors. For example, Dr. Garson reviewed Dr. Fino's report prior to his deposition. Also contrary to Consolidation's contention, Dr. Garson did not underestimate the significance of McGreevy's smoking history. Moreover, Consolidation is also incorrect that substantial evidence did not support the ALJ's finding that Dr. Garson's opinion took into consideration McGreevy's exposure to asbestos. Dr. Garson's testimony is to the contrary. See App. at 79. Therefore, we find that the ALJ's decision was based on substantial evidence because Dr. Garson's opinion took into account the various factors that contributed to McGreevy's medical condition.

Consolidation also argues that the ALJ failed to address whether evidence rebutted the presumption that McGreevy's coal dust exposure resulted from his employment. A petitioner may not raise an issue before this court that was not raised in agency proceedings, absent unusual circumstances. See Bernando v. Director, Office of Workers' Comp. Program, 790 F.2d 351, 353 (3d Cir. 1986). Because Consolidation failed to raise this issue before the Board in this appeal we will not address it. We briefly

note, however, that this argument is without merit because there was no evidence that McGreevy was exposed to coal dust anywhere except in the mine where he worked.

**IV.**

For the above-stated reasons, we will deny the petition for review.