Samuel E. **WENSEL**, Petitioner,

v.

**DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF LABOR**, Respondent.

No. 89–3157.

United States Court of Appeals,
Third Circuit.

Submitted Aug. 1, 1989.
Decided Oct. 23, 1989.

Karen Blank, Michael Denney, U.S. Dept. of Labor, Office of the Solicitor, Washington, D.C., for respondent.

Samuel E. Wensel, Sligo, Pa., pro se.

Before SLOVITER, HUTCHINSON and NYGAARD, Circuit Judges.

## OPINION OF THE COURT

HUTCHINSON, Circuit Judge.

Samuel E. Wensel (Wensel), *pro se*, petitions for review of an order of the Department of Labor's Benefits Review Board (Board). The Board affirmed the decision of an administrative law judge (ALJ), who denied Wensel's claim for benefits under the Black Lung Benefits Act, 30 U.S.C.A. §§ 901–945 (West 1986).

Both parties state that the Board erred in affirming an erroneous decision by the ALJ, but they offer different reasons. Wensel states that the ALJ erred when he concluded that Wensel was not entitled to black lung benefits. The Director, Office of Workers' Compensation Program (Di-

rector), argues that we should remand the case because the ALJ failed to find facts as required by the Administrative Procedure Act (APA), 5 U.S.C.A. § 557(c)(3)(A) (West 1977).[1] We agree with the Director that a remand is necessary. Therefore, we will vacate the decision of the Board and order it to remand this matter to the ALJ with directions.

### I.

Wensel filed his claim for black lung benefits on April 1, 1982. He claims that he suffers from pneumoconiosis, the medical term for the affliction commonly known as black lung. Black lung is an occupational disease peculiar to the coal mining industry. It is caused by the inhalation of coal dust in the course of coal mine employment. *See* 20 C.F.R. § 718.201 (1988).

Wensel has argued throughout his battle for benefits that he worked about eighteen years as a coal miner. The ALJ found from Wensel's social security records that he worked only twelve and three-quarter years in the mines. The Board affirmed this finding. Wensel says the ALJ incorrectly failed to credit him with five to six years of work with W.P. Stahlman Coal Co. (Stahlman) of Corsica, Pennsylvania during the 1950's simply because there was no evidence of Wensel's work for Stahlman in Wensel's social security records.

The ALJ also determined that the medical evidence in the record failed to establish pneumoconiosis. The medical evidence consisted of seven x-ray readings, three pulmonary function tests, five blood gas studies and reports from three physicians. The ALJ determined that the great numerical weight of "objective" tests and physicians' opinions were negative for pneumoconiosis, even though one x-ray reading was positive for pneumoconiosis, the blood gas and ventilatory studies yielded values indicative of respiratory impairment and one physician who examined Wensel found that he suffered from black lung. The Board affirmed the ALJ's determination.

---

1. The Director made this same argument before the Board, but the Board instead decided the

case on the merits.

## II.

We have jurisdiction pursuant to 30 U.S.C.A. § 932(a) (West 1986), which incorporates the review procedures of the Longshore and Harbor Workers' Compensation Act, 33 U.S.C.A. § 921(c) (West 1986), in pneumoconiosis cases involving coal miners. The ALJ's findings of fact are conclusive on the Board if supported by substantial evidence. *See Marx v. Director, OWCP*, 870 F.2d 114, 118 (3d Cir.1989). "We review the Board's decision to determine whether it committed an error of law and whether it adhered to its scope of review. In performing the latter function, 'we must independently review the record "and decide whether the ALJ's findings are supported by substantial evidence." ' " *Id.* (citation omitted) (quoting *Kertesz v. Crescent Hills Coal Co.*, 788 F.2d 158, 163 (3d Cir.1986) (quoting *Walker v. Universal Terminal & Stevedoring Corp.*, 645 F.2d 170, 172 (3d Cir.1981) (citation omitted))).

## III.

■ The Director argues that this matter should be remanded to the ALJ since "[t]he ALJ's decision violates the Administrative Procedure Act because it contains neither an accurate discussion of all of the relevant evidence nor an explanation of the findings made by the ALJ...." Brief for Respondent at 7. The Director points us to 5 U.S.C.A. § 557(c)(3)(A), which states that "[a]ll decisions ... shall include a statement of—(A) findings and conclusions, and the reasons or basis therefor, on all the material issues of fact, law, or discretion presented on the record." We have held that an ALJ working for the Department of Labor must abide by this section of the APA. *See Marx*, 870 F.2d at 119; *Hillibush v. United States Dep't of Labor, Benefits Review Bd.*, 853 F.2d 197, 206 & n. 17 (3d Cir.1988).

We agree with the Director that a remand is necessary for the ALJ to explain his findings of fact and conclusions of law with respect to the medical evidence. We cannot determine whether the Board properly exercised its review function if we are unable to understand how the ALJ reached his decision. Much evidence in the record supports Wensel's claim that he has black lung. Some of the evidence, however, may support the conclusion that Wensel does not have the disease. The ALJ has not told us why he accepted the evidence unfavorable to Wensel in making his ruling, except to say that he relied on the predominant weight of the unfavorable evidence. *Cf. Cotter v. Harris*, 642 F.2d 700 (3d Cir.1981) (vacating district court order granting Secretary of Health and Human Services summary judgment in social security disability case). In *Cotter*, we said:

> This court has recognized that there is a particularly acute need for some explanation by the ALJ when s/he has rejected relevant evidence or when there is conflicting probative evidence in the record. We have emphasized our concern in a long line of cases.

*Id.* at 706.

Items of evidence are not fungible. A bare statement that items of evidence pointing one way outnumber or outweigh others pointing in a different direction does not demonstrate a reasoned choice. As we wrote in *Kertesz*, "[i]n reaching a decision, an ALJ should set out and discuss the pertinent medical evidence presented." *Kertesz*, 788 F.2d at 163. The ALJ has so far failed to do so. We agree with the Director that the ALJ must reconsider the evidence, especially since "[t]he evaluation of medical evidence is a task that Congress allocated to the administrators in the first instance." *Bernardo v. Director, OWCP*, 790 F.2d 351, 353 (3d Cir.1986). After he has again reviewed the evidence, the ALJ must provide an adequate statement of the reasons for his findings.

## IV.

■ Wensel challenges the method the ALJ used to determine the number of years that he worked as a coal miner. Under the Black Lung Benefits Act, the number of years that a claimant has worked in the mines and the date the claim was filed determine whether the claimant will benefit from one or more of the presumptions that will aid him in showing disability. In general, the presumptions recognize the medi-

cally established relation between years of exposure to coal dust in coal mining employment and disability from black lung. *See* 30 U.S.C.A. § 921(c) (West 1986). However, the Director argues that even if Wensel is credited with an extra five to six years of work in the mines, it would not affect the presumption that Wensel already has. Thus, the Director says that even if the ALJ miscalculated Wensel's time as a miner, it was harmless error.

■ The ALJ noted in his decision that Wensel claimed to have worked as a miner from 1943 to 1945, from 1950 to 1953, from 1955 to 1958 and from 1960 to 1967. Yet the ALJ wrote: "The Social Security Records document work in the coal mines for 12¾ years. The claimant can be credited with this length of coal mine employment." *Wensel v. Director, OWCP*, No. 84–BLA–9881, slip op. at 2 (U.S. Dep't of Labor Office of Admin. Law Judges Apr. 6, 1987) (citation omitted). In affirming the ALJ's finding that Wensel worked just twelve and three-quarter years, the Board wrote "we affirm the administrative law judge's determination as to years of coal mine employment as it is based on a reasonable method of calculation and is supported by substantial evidence in the record." *Wensel v. Director, OWCP*, No. 87–1165 BLA, slip op. at 2 (U.S. Dep't of Labor Benefits Review Bd. Jan. 23, 1989).

In so holding, we believe the Board erred. While a person's social security records are proof of particular employment, the ALJ mistakenly assumed that the absence of social security records for some years necessarily proved that Wensel was not employed as a coal miner during that time. *See Marx*, 870 F.2d at 118–19 (absence of social security records does not necessarily prove that the applicant was not employed in the coal mines). Until the ALJ again reviews the evidence and properly advises us of the reasons for whatever decision he reaches on remand, we cannot decide whether this error was harmless. An additional five or six years of work in the coal mines, if it is shown, could be evidence that supports Wensel's claim considering the nature of the disease.

However, we agree with the Director that the additional five to six years Wensel claims does not entitle him to the presumption that he has pneumoconiosis. Since Wensel filed his claim for benefits after January 1, 1982, he is unable to claim the rebuttable presumption of pneumoconiosis that was available for claims filed before 1982 when the claimant proved fifteen years of work as a coal miner and submitted certain specified medical evidence. *See* 20 C.F.R. § 718.305(a), (e) (1988). Congress has eliminated this fifteen year presumption with respect to all claims filed after January 1, 1982. *See* 30 U.S.C.A. § 921(c)(4) (West 1986). Therefore, we are powerless to treat Wensel's long employment as a miner in and of itself as proof that he has pneumoconiosis absent further congressional action.[2]

Whether Wensel worked twelve and three-quarter years or about eighteen

---

2. Wensel may understandably be confused by the conflict between the current law and the law that applies to claims filed before 1982. Indeed, he may wonder why a miner with a pending claim filed before 1982 can obtain the benefit of a rebuttable presumption that any totally disabling respiratory disease he has is in fact pneumoconiosis, when Wensel and others who filed claims on or after January 1, 1982 do not benefit from this presumption. However, Congress has so provided in the final sentence of 30 U.S.C.A. § 921(c)(4) (West 1986). That sub-section states in full:

If a miner was employed for fifteen years or more in one or more underground coal mines, and if there is a chest roentgenogram submitted in connection with such miner's, his widow's, his child's, his parent's, his brother's, his sister's, or his dependent's claim un-

der this subchapter and it is interpreted as negative with respect to the requirements of paragraph (3) of this subsection, and if other evidence demonstrates the existence of a totally disabling respiratory or pulmonary impairment, then there shall be a rebuttable presumption that such miner is totally disabled due to pneumoconiosis, that his death was due to pneumoconiosis, or that at the time of his death he was totally disabled by pneumoconiosis. In the case of a living miner, a wife's affidavit may not be used by itself to establish the presumption. The Secretary shall not apply all or a portion of the requirement of this paragraph that the miner work in an underground mine where he determines that conditions of a miner's employment in a coal mine other than an underground mine were substantially similar to conditions in an underground mine. The Secretary may rebut

years, he can claim one presumption under the regulations. Since in either case he was employed as a miner for ten years or more, he has the benefit of "a rebuttable presumption that the pneumoconiosis arose out of" his employment in the coal mines. 20 C.F.R. §§ 718.203(b), 718.302 (1988). Therefore, on remand, if the ALJ determines upon reexamining the evidence that Wensel has established that he suffers from pneumoconiosis, he will have the benefit of a rebuttable presumption that the disease was caused by his employment in the mines. Moreover, in determining whether Wensel has black lung, the ALJ should consider the relevance of the length of time Wensel worked in the coal mines.

### V.

Accordingly, we will remand to the Board and instruct it further to remand the case to the ALJ with directions that he reexamine the evidence and set forth on the record a discussion of all the evidence along with the reasons for his decision in a manner consistent with this opinion.

---

such presumption only by establishing that (A) such miner does not, or did not, have pneumoconiosis, or that (B) his respiratory or pulmonary impairment did not arise out of, or in connection with, employment in a coal mine. The provisions of this paragraph shall not apply with respect to claims filed on or after the effective date of the Black Lung Benefits Amendments of 1981.

30 U.S.C.A. § 921(c)(4). The effective date of these amendments was January 1, 1982. *Id.* § 921 note.