

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-3-2005

# Ulbin v. Director OWCP

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3497

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Ulbin v. Director OWCP" (2005). *2005 Decisions.* Paper 1070.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1070

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 04-3497
_____


WILLIAM W. ULBIN, SR.,
<u>Petitioner</u>

v.

DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS,
United States Department of Labor,

<u>Respondent</u>


_____

On Petition for Review of an Order of the Benefits Review Board,
United States Department of Labor
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
May 26, 2005
_____

Before: SCIRICA, <u>Chief Judge</u>, ALITO and GARTH, <u>Circuit</u> <u>Judges</u>

(Opinion Filed: June 3, 2005)
_____

OPINION
_____

Garth, Circuit Judge:

William W. Ulbin, Sr. petitions for review of an order of the Department of Labor's Benefits Review Board (the "Board"). The Board affirmed the decision of an administrative law judge (the "ALJ"), who denied Ulbin's claim for benefits under the Black Lung Benefits Act (the "Black Lung Act"), 30 U.S.C. §§ 901-945. Both Ulbin and respondent, the Director of the Office of Workers' Compensation Programs (the "Director), seek a remand of the case to the ALJ, although they offer different reasons and seek review of different conclusions. We agree with both parties that a remand is necessary. However, because the Court finds that the present record effectively prevents us from conducting any meaningful judicial review of Ulbin's case, we will not specifically address each of the issues raised in this appeal. Rather, the Court will vacate the Board's decision in its entirety and remand with instructions that it create a new record in accordance with both the Black Lung Act and the Administrative Procedure Act (the "APA"), 5 U.S.C. § 557(c)(3)(A).

I.

Because we write only for the parties, we will only briefly set forth the facts and procedural history relevant to this appeal.

Ulbin filed an application for black lung benefits on December 2, 1998.[1] He claims that he suffers from pneumoconiosis, commonly known as black lung disease, as a

---

[1] For ease of reference, we refer to this proceeding as "Ulbin I".

result of his past employment as a coal miner.[2]

On August 22, 2000, the ALJ issued a decision and order denying benefits. The ALJ concluded that Ulbin was employed as a coal miner for five years ending in 1949. The ALJ next considered whether the evidence established that Ulbin suffered from pneumoconiosis under 20 C.F.R. § 718.202. The ALJ determined that because there were more positive than negative readings of the two chest x-rays in the record, the x-ray evidence established the existence of pneumoconiosis. On the other hand, the ALJ found that the medical opinion evidence did not establish the existence of the disease. Weighing the two types of evidence together, the ALJ concluded that Ulbin had established the existence of pneumoconiosis by x-ray under section 718.202(a)(1).

The ALJ then turned to the causation element and found that, based on the medical opinion evidence, Ulbin had failed to satisfy his burden of establishing that his pneumoconiosis arose out of coal mine employment. The ALJ therefore denied the claim. In the alternative, the ALJ evaluated the objective testing and medical opinion evidence and concluded that Ulbin had not established that he was totally disabled by the pneumoconiosis. The ALJ accordingly denied Ulbin's claim on total disability grounds as well.

---

[2] To be entitled to benefits, a petitioner must establish that: (1) he has pneumoconiosis, (2) the disease arose out of coal mine employment; (3) he has a totally disabling respiratory impairment; and (4) his respiratory impairment is due to pneumoconiosis. *See Bonessa v. United States Steel Corp.*, 884 F.2d 726, 734 (3d Cir. 1989).

On appeal to the Board, Ulbin challenged the ALJ's adverse findings on the length of coal mine employment, causal relationship, and total disability elements. The Director responded by filing a motion to remand conceding total disability and agreeing with Ulbin that the ALJ's determinations as to causal relationship and length of coal mine employment were flawed and required a remand. In addition, the Director argued that the ALJ had erred in its determination that the chest x-ray evidence established the existence of pneumoconiosis. Ulbin responded that the Director could not contest the ALJ's finding because such an argument could only be made in a cross-appeal, not in a motion to remand. In the alternative, Ulbin argued that substantial evidence supported the ALJ's (x-ray) pneumoconiosis finding.

In an opinion dated September 20, 2001, the Board agreed with the Director that the Director had properly contested the ALJ's pneumoconiosis finding in its motion to remand. It further upheld the Director's substantive contention that the ALJ's pneumoconiosis finding was unsustainable. The Board therefore remanded the case for the ALJ to reconsider all relevant evidence in making its finding on the existence of pneumoconiosis and the Board required the ALJ to more fully explain its findings as to the length of coal mine employment and the causal relationship issue.

On February 22, 2002, the ALJ issued a decision and order once again denying Ulbin benefits. After first recalculating Ulbin's length of coal mine employment at five and three-quarters years of qualifying employment, the ALJ reconsidered the chest x-ray

4

evidence. Contrary to its initial finding, it found that the positive and negative readings rendered by equally qualified physicians were equally balanced. Based on that determination, the ALJ concluded that Ulbin, under section 718.202(a)(1), failed to carry his burden of proving pneumoconiosis by a preponderance of the x-ray evidence. Because the ALJ held that Ulbin failed to establish that he had pneumoconiosis, it did not address the remaining issues of causation and total disability.

On appeal to the Board, Ulbin and the Director again both argued that a remand was necessary, this time because the ALJ failed to adequately analyze the x-ray evidence on remand. Ulbin further argued that the ALJ erred by failing to reconsider the medical opinion evidence. He asserted that he had not waived the issue by failing to raise it in his first appeal to the Board and that it was a violation of due process to preclude him from raising it in his second appeal.

In its decision dated January 28, 2003 ("Ulbin II"), the Board rejected both parties' request for a second remand and affirmed the ALJ's decision denying benefits on remand. It further held that Ulbin had waived his challenge to the ALJ's weighing of the medical opinion evidence because he had failed to make that challenge in response to the Director's motion to remand filed in Ulbin's first appeal to the Board.

On June 29, 2004, the Board denied Ulbin's motion for reconsideration and reaffirmed the ALJ's denial of benefits. Ulbin then filed this timely appeal.

5

## II.

We have jurisdiction pursuant to 30 U.S.C. § 932(a), which incorporates the review procedures of the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 921(c), in pneumoconiosis cases involving coal miners. The ALJ's findings of fact are conclusive if supported by substantial evidence. See *Marx v. Director, OWCP*, 870 F.2d 114, 118 (3d Cir.1989). "We review the Board's decision to determine whether it committed an error of law and whether it adhered to its scope of review. In performing the latter function, 'we must independently review the record and decide whether the ALJ's findings are supported by substantial evidence.'" *Wensel v. Director, OWCP*, 888 F.2d 14, 16 (3d Cir. 1989) (citations and internal quotations omitted).

## III.

On appeal, both parties argue that the Board erred in affirming the ALJ on appeal following remand. In so doing, they raise the same arguments that the Board rejected in its January 28, 2003 decision and order on appeal following remand.

Ulbin argues that, as a procedural matter, the Board erred both in granting the Director's motion to remand on the first appeal and in refusing to hear Ulbin's argument concerning the ALJ's weighing of the medical evidence on the second appeal. Ulbin further argues that the ALJ erred in reversing its initial determination finding the existence of pneumoconiosis based on the chest x-ray evidence because the ALJ did not properly consider all of the evidence on remand and did not provide adequate reasons for

6

his second determination that Ulbin failed to establish the existence of pneumoconiosis.

For its part, the Director agrees with Ulbin both that a remand is necessary for the ALJ to reconsider the chest x-ray evidence and that the Board improperly refused to consider Ulbin's arguments concerning the ALJ's weighing of the medical opinion evidence. Its only dispute is with Ulbin's contention that the Board improperly permitted the Director to challenge the ALJ's pneumoconiosis finding in a motion to remand as opposed to a cross-appeal.

As the procedural history summarized above demonstrates, the administrative proceeding in this case has been long and tortuous. Yet, even after five administrative decisions – two from the ALJ and three from the Board – both parties still maintain that the ALJ has never adequately explained its evaluation of the medical evidence and that the Board has never adequately addressed all of the issues properly raised before it. More discouraging still, the protracted proceedings have resulted in a record that is virtually incoherent and that severely hampers this Court's ability to engage in meaningful judicial review of the Board's latest decision affirming the ALJ's denial of benefits to Ulbin.

Therefore, inasmuch as both the Director and Ulbin are seeking a remand in this appeal, and inasmuch as the present record gives us little confidence in the ultimate determination of whether there is substantial evidence to support the ALJ's findings, whatever they may be, for reasons of both judicial economy and fairness to Ulbin and the Director, we will vacate the decision of the Board in its entirety and remand the case with

7

the instruction that it remand the case to an ALJ with directions that it reexamine the

evidence and develop a new record setting forth a discussion of all the evidence along

with the reasons for its decision in a manner consistent with this opinion and the

directives of the APA.[3]  Furthermore, the Court will emphatically suggest that the Board

assign this matter to a new ALJ who will then have the opportunity to start afresh, make

new, reasoned findings and offer adequate explanations for its conclusions.

---

[3]  The APA requires that an ALJ provide a statement of "findings and conclusions
and the reasons or basis therefor, on all material issues of fact, law or discretion."  5
U.S.C. § 557(c)(3)(A), as incorporated by 5 U.S.C. § 554(c)(2), 33 U.S.C. § 919(d) and
30 U.S.C. § 932(a).  The Court agrees with both parties that the ALJ repeatedly failed to
comply with that directive in this case.  *See generally Wensel*, 888 F.2d 14, 16 (3d Cir.
1989).