**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 09-2297
_____

CONSOLIDATION COAL,

Petitioner

v.

DIRECTOR OWCP, United States Department of Labor,
WILLIAM F. KUSCH,

Respondents

_____

On Petition for Review of a Decision and Order of the
Benefits Review Board for the United States Department of Labor
(Agency No. 2005-BLA-5078)

Argued:  January 27, 2011

Before:  FUENTES, CHAGARES, and ROTH, <u>Circuit</u> <u>Judges</u>.

(Filed: February 16, 2011)

William S. Mattingly, Esq. (Argued)
Wendy G. Adkins
Jackson Kelly PLLC
P.O. Box 619
Morgantown, West Virginia 26507
        <u>Counsel for Petitioner</u>

Timothy C. MacDonnell, Esq.
Zachary I. Mills
Amanda K. Streff (Argued)

Washington and Lee University School of Law
Lewis Hall
Legal Clinic, Room 106
Lexington, Virginia 24450
      Counsel for Respondent Kusch

Deborah Greenfield, Esq.
Rae Ellen Frank James, Esq.
Patricia M. Nece, Esq.
Jeffrey S. Goldberg, Esq. (Argued)
U.S. Department of Labor
200 Constitution Avenue, N.W. N-2117
Washington, D.C. 20210
      Counsel for Respondent OWCP

———————————

OPINION

———————————

CHAGARES, <u>Circuit</u> <u>Judge</u>.

Consolidation Coal Company ("Consol") has filed a petition for review of the decision of the Benefits Review Board affirming the award of benefits to William S. Kusch, Sr., under the Black Lung Benefits Act ("BLBA"). For the reasons set forth below, we will deny the petition and affirm the award of benefits to Kusch.

I.

Because we write solely for the benefit of the parties, we will only briefly recite the facts. Kusch was employed as a coal miner for thirty-three and one-half years, fifteen of which were spent as an underground miner. During both his years as an underground and an above-ground miner, Kusch was exposed to extensive amounts of coal dust, and was not always provided with effective breathing protection. In addition to his exposure to coal dust, Kusch was a smoker for thirty-two years, quitting for the last time in 1993.

2

In 1998, he began to experience shortness of breath and a daily cough that varied in severity with the weather. Kusch retired from coal mine employment in 2000.

Kusch filed a claim for lifetime disability benefits under the BLBA on July 5, 2001. The BLBA entitles all claimants to a complete pulmonary evaluation, 30 U.S.C. § 923(b), and Kusch was examined by Dr. Basheda on August 30, 2001. Dr. Basheda determined that Kusch did not have clinical pneumoconiosis, but that he suffered from an obstructive lung disease that "may be related to smoking/coal dust," and that Kusch also suffered from asthma. Joint Appendix ("JA") 4. The Department of Labor Claims Examiner, Robert Bonfanti, wrote to Dr. Basheda to ask him to clarify whether Kusch's lung disease was legal pneumoconiosis, and whether it was related to employment in coal mining. In response, Dr. Basheda stated only that "Mr. Kusch has obstructive lung disease that may be related to his 34 years in the coal mining industry. . . . Therefore, the severe airway obstruction seen on his pulmonary tests . . . could certainly be related to coal dust exposure." JA 5. The Claims Examiner proposed that Kusch receive benefits, and the case was forwarded to Administrative Law Judge ("ALJ") Lesniak for a formal hearing at the request of Consol. Following the transfer to ALJ Lesniak, Kusch's counsel repeatedly tried to contact Dr. Basheda to clarify his opinion on Kusch's entitlement to benefits, but never received a response. Kusch then requested a remand for a second complete pulmonary evaluation, pursuant to 20 C.F.R. § 725.456(e). ALJ Lesniak granted the request on January 23, 2003, striking Dr. Basheda's report from the record because it was incomplete, and remanding the case.

3

Prior to the remand, but after Dr. Basheda's initial examination, Kusch was also examined by Dr. Renn, on November 28, 2001, Dr. Celko, on May 3, 2002, and Dr. Fino, on October 10, 2002. On remand, Dr. Rasmussen provided Kusch with his second pulmonary evaluation, which took place on June 24, 2004. Finally, Kusch hired Dr. Parker to provide an additional opinion on April 29, 2005. None of the doctors diagnosed Kusch with medical pneumoconiosis. Drs. Parker and Celko, who were hired by Kusch, as well as Dr. Rasmussen diagnosed Kusch with legal pneumoconiosis, and Dr. Renn and Dr. Fino, who were hired by Consol, both concluded that Kusch did not have pneumoconiosis and, instead, that his lung impairment was caused by cigarette smoking and untreated asthma.

After all of the medical evidence was gathered, the case came to ALJ Leland, who conducted a hearing and assembled a record on January 8, 2007. On September 28, 2007, the ALJ issued a decision and order awarding benefits to Kusch. In reaching this decision, the ALJ credited the medical evidence supplied by Drs. Celko, Parker, and Rasmussen, and found the medical evidence provided by Drs. Renn and Fino not to be worth great weight.

Consol appealed to the Benefits Review Board. On that appeal Consol not only challenged the underlying ruling by ALJ Leland, but also sought to be dismissed from the case due to purported violations of its procedural due process rights. Specifically, it argued that ALJ Lesniak erred in remanding the case for a second pulmonary evaluation when the first was complete, and argued that this caused it undue prejudice, mandating its dismissal from the case. The Benefits Review Board affirmed the award of benefits and

4

refused to dismiss Consol from the case on October 20, 2008. Consol filed a petition for review in the United States Court of Appeals for the Fourth Circuit on December 23, 2008, and the case was transferred to this Court at Consol's request because Kusch had last worked as a coal miner in Pennsylvania.

## II.

The Department of Labor had jurisdiction pursuant to the Black Lung Benefits Act, 30 U.S.C. § 901 et seq. We have jurisdiction over a petition for review of the Benefits Review Board under 33 U.S.C. § 921(c), as incorporated by 30 U.S.C. § 932(a), and 28 U.S.C. § 1331. We must accept the ALJ's findings of fact so long as they are supported by substantial evidence. Balsavage v. Director, OWCP, 295 F.3d 390, 395 (3d Cir. 2002). In reviewing the ALJ's conclusions of law, we exercise plenary review. Director, OWCP v. Barnes & Tucker Co., 969 F.2d 1524, 1527 (3d Cir. 1992). On issues committed to the ALJ's discretion by statute, however, we review only to ensure that his actions were not arbitrary or capricious. Doroshow v. Harford Life & Accident Ins. Co., 574 F.3d 230, 233 (3d Cir. 2009).

## III.

Consol begins by arguing that the ALJ erred in his consideration of whether Kusch's lung disability was caused by exposure to coal dust. It states that the ALJ improperly applied a presumption of causation, found at 30 U.S.C. § 921(c)(2) and in the regulations at 20 C.F.R. § 718.203(b), that it argues is only available to cases in which the claimant is alleging the existence of medical pneumoconiosis. Because Kusch only

5

claims legal pneumoconiosis, Consol requests that we remand the case so that the issue of causation can be addressed without applying the presumption.

We need not reach the issue of the application of the statutory presumption of causation in this case because the ALJ's decision clearly addressed the issue and found the existence of causation before any reference to the statutory presumption. The ALJ's decision sets forth, doctor by doctor, all of the medical evidence provided, including the doctors' opinions on the issue of whether Kusch's disease was caused by coal dust, smoking, asthma, or some combination of the three. At the conclusion of its analysis of each doctor's evidence, the ALJ stated whether he found that doctor's opinion worthy of weight. Importantly, the main point of contention between these doctors was whether coal dust was a substantial contributing factor to Kusch's pulmonary disability. As a part of deciding which evidence to credit, the ALJ necessarily also resolved the conflict regarding causation.

This conclusion is reinforced by the structure of the opinion. Immediately before the only mention of the § 718.203(b) presumption, the ALJ stated "[a]fter weighing all the evidence, I find that the miner has established that he has legal pneumoconiosis." JA 10A. This conclusion is important, as the regulations define legal pneumoconiosis as "any chronic lung disease or impairment and its sequelae arising out of coal mine employment." 20 C.F.R. § 718.201(a)(2). The finding of causation, therefore, was subsumed in the ALJ's finding of legal pneumoconiosis. Both the content and structure of the ALJ's opinion lead us to conclude that the ALJ determined the issue of causation without relying on the statutory presumption, and we need not reach the question of that

6

presumption's applicability to cases of legal pneumoconiosis in order to deny the petition for review.

Consol next challenges the ALJ's treatment of the evidence in a number of respects, arguing that he irrationally, selectively, and inconsistently considered the evidence provided by the medical experts. Consol disagrees with the ALJ's decision to discredit the testimony of Drs. Renn and Fino entirely, and also asserts that it was inconsistent to credit the testimony of Drs. Celko, Parker, and Rasmussen, when these three experts did not all agree on what caused Kusch's disability. In discussing this testimony, Consol urges this Court to wade into the medical details of this case, arguing that Kusch's test results are indicative of lung disease caused by smoking and asthma rather than lung disease caused by exposure to coal dust. It states that it is not asking this Court to reweigh the evidence, but merely to demand that the ALJ base his decision upon substantial evidence and resolve any material disputes in the record.

As noted above, we review only to ensure that the ALJ's findings of fact are supported by substantial evidence. In this case, regardless of the arguments that Consol makes to the contrary, we are compelled to conclude that the ALJ based his finding on substantial evidence. The record here consisted of medical evidence from five experts, and three of these experts produced reasoned, detailed opinions concluding that Kusch was totally disabled due to a chronic obstructive pulmonary disease that was substantially contributed to by his exposure to coal dust. This was more than a sufficient basis on which the ALJ could reasonably base his decision. Further, the ALJ clearly set forth his reasons for crediting the testimony of Drs. Celko, Parker, and Rasmussen, and rejecting

7

the testimony of the other two. We certainly cannot describe his conduct as irrational, arbitrary, or capricious.

In addition, we reject Consol's argument that the ALJ did not resolve all material conflicts in the record. Although we recognize that a failure to resolve material conflicts would require a remand, Wensel v. Director, OWCP, 888 F.2d 14, 16 (3d Cir. 1989), the only conflict that was material in this case was whether Kusch's pulmonary disability was caused by coal dust exposure. Importantly, this determination does not require establishing that coal dust exposure was the sole or even most important factor in the lung disease; instead, the causation element of pneumoconiosis is met so long as the disease is "significantly related to, or substantially aggravated by, dust exposure in coal mine employment." 20 C.F.R. § 718.201(b). The questions of whether Kusch's smoking and asthma also contributed to his pulmonary disability, therefore, are not material to the issue of whether Kusch's pulmonary disability was caused by coal mine employment. Because of this, the ALJ's failure to resolve any conflict regarding the apportionment of causation between smoking and asthma is not one that requires a remand. The ALJ resolved the material issues in this case in concluding that Kusch had a total pulmonary disability that was related to or aggravated by his exposure to coal dust in mining employment. For this reason, we will deny the petition for review on the basis of his consideration of the evidence.

Consol's final argument is that the ALJ erred in striking Dr. Basheda's evaluation and remanding the case for a second complete pulmonary evaluation. Consol states that Dr. Basheda's report was merely inconclusive rather than incomplete, as it did include an

8

opinion on the issue of causation.  It further argues that even if this report was not complete, the ALJ exceeded the scope of his authority under 20 C.F.R. § 725.456(e) in remanding for a second complete pulmonary evaluation rather than merely remanding for an opinion on the issue of causation.  Consol asserts that this error amounts to a due process violation that justifies its dismissal from this case and the transferal of any liability to the Black Lung Trust Fund.

We again find Consol's arguments to be without merit.  Under 20 C.F.R. § 718.101(a), each claimant is granted an opportunity to "develop the medical evidence necessary for a determination with respect to each claimant's entitlement to benefits," and 20 C.F.R. § 725.202(d) includes the issue of causation as one element of entitlement. Dr. Basheda refused to take a position on the issue of causation, even when requested to clarify his position, and certainly did not state that he believed that the results of the tests were entirely equivocal and did not allow him to reach a conclusion, as Consol seems to characterize his position.  Instead, Dr. Basheda only stated that the coal dust exposure "could" or "might" have contributed to Kusch's pulmonary disability.  This certainly is not definitive on the issue of whether coal dust was responsible for or substantially aggravated Kusch's condition, and, therefore, did not provide Kusch with a complete pulmonary evaluation.

Having concluded that Dr. Basheda did not provide a complete pulmonary evaluation, we will also affirm the ALJ's decision to rectify the deficiency by remanding for a second complete evaluation.  Although it is true that 20 C.F.R. § 725.456(e) allows for a remand with instructions "to develop only such additional evidence as is required,"

9

it was not arbitrary to conclude that an ultimate opinion on entitlement would require that the doctor providing it have the opportunity to perform his own evaluation. Further, 20 C.F.R. § 725.351(b)(5) gives the ALJ substantial authority over procedural issues, including to "[d]o all other things necessary to enable him or her to discharge the duties of the office." In the absence of an arbitrary or capricious resolution of a matter committed to the ALJ's discretion, we will affirm the ALJ's decision to remand to the Office of Worker's Compensation Programs ("OWCP") for a second complete pulmonary evaluation.

Despite the fact that we find no error in the ALJ's decision to remand the case, we still must address Consol's due process argument, as the OWCP concedes that it violated its own procedures in certifying the medical record as complete and transferring the case to the ALJ before a complete pulmonary evaluation was, in fact, concluded. The harm that was suffered from this procedural failing, according to Consol, was that it relied on Dr. Basheda's report in developing its own evidence, and that its evidence became stale due to the length of time that passed between the decision to remand and the second time that the case came before an ALJ.

We conclude that, Consol's claimed harm simply does not rise to the level of a procedural due process violation. Consol's experts were given an opportunity to comment on the evidence produced from the second complete pulmonary evaluation and to update their opinions at depositions that occurred after the remand. In addition, the ALJ's decision to reject testimony rested not on the timing of the examinations but on the reasoning contained in these opinions, and this reasoning was not affected by the delay.

10

Simply put, Consol has identified a minor procedural problem, but has not established any prejudice arising from that error that would rise to the level of a due process violation that would justify the transfer of liability. See C&K Coal Co. v. Taylor, 165 F.3d 254, 259 (3d Cir. 1999) (stating that even an extensive delay in proceedings will not allow for a transfer of liability absent a demonstration of prejudice that resulted from the procedural difficulties). Further, this Court's decision in Venicassa v. Consolidation Coal Co., 137 F.3d 197 (3d Cir. 1998), makes clear that a transfer of liability is only appropriate in situations where the operator of the mine could not be determined or where the errors of the OWCP would leave the claimant unable to recover. Venicassa, 137 F.3d at 204. Because the errors of the OWCP did not amount to a due process violation, there is no reason that Kusch cannot still recover from Consol, leaving no justification for transferring liability. We will decline to dismiss Consol as a party to this case and will also deny its request to transfer liability to the Black Lung Trust Fund.

## IV.

For the foregoing reasons, we will deny the petition for review of the Benefits Review Board's decision.

11