FILED
United States Court of Appeals
Tenth Circuit

**March 26, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

BOBBY MANN,

          Petitioner,

v.

TURNER BROTHERS, INC; OLD
REPUBLIC INSURANCE COMPANY;
DIRECTOR, OFFICE OF WORKERS'
COMPENSATION PROGRAMS,
UNITED STATES DEPARTMENT OF
LABOR,

          Respondents.

No. 13-9553
(Petition for Review)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **ANDERSON**, and **MATHESON**, Circuit Judges.

Pro se petitioner Bobby Mann seeks review of the decision of the Benefits

Review Board (Board) affirming an administrative law judge's (ALJ) order denying

his duplicate claim for benefits under the Black Lung Benefits Act (Act), 30 U.S.C.

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

§§ 901-44. Respondent Turner Brothers, Inc. is the responsible operator. The Board declined to file a brief in this appeal. Mr. Mann has requested leave to proceed in forma pauperis (IFP). We grant the IFP request and affirm the Board's decision.

## I.     BACKGROUND

Mr. Mann first sought benefits under the Act in 1974. The lengthy history of this case has been chronicled by both the ALJ and the Board. Where relevant, the prior proceedings are discussed below. In the proceedings that form the basis of this appeal, an ALJ held a hearing on Mr. Mann's petition for modification of a Department of Labor decision denying his application for benefits. The ALJ evaluated the medical evidence and concluded that while Mr. Mann was afflicted with a pulmonary disease, he had not met his burden of establishing the existence of coal workers' pneumoconiosis. In addition, the ALJ reviewed de novo the entire record and found no mistake of fact in the Department's decision relative to Mr. Mann's claim that he has coal workers' pneumoconiosis. *See* 20 C.F.R. § 725.310(c) (providing for modification of a decision denying black lung benefits upon either a "change in condition" or "a mistake in a determination of fact"). The Board affirmed the ALJ and denied Mr. Mann's subsequent motion for reconsideration.

## II.     JURISDICTION

This court issued an order directing the parties to address whether Mr. Mann's appeal was timely in order to invoke appellate jurisdiction. The Board's order affirming the ALJ's decision was issued on August 29, 2012, so Mr. Mann's petition

- 2 -

for review from that decision was due within 60 days, by October 29, 2012. *See* 33 U.S.C. § 921(c), as incorporated by 30 U.S.C. § 932(a). The petition was not filed until May 6, 2013.

But as the parties' responses made clear, Mr. Mann had filed a timely motion for reconsideration that the Board denied on March 20, 2013. Therefore, the petition for review, filed within 60 days of the Board's order denying reconsideration, was timely. Moreover, because Mr. Mann's injury allegedly occurred in Oklahoma, this court has jurisdiction to review the Board's decision. *See Broyles v. Dir., OWCP*, 143 F.3d 1348, 1349 (10th Cir. 1998) (holding "jurisdiction is appropriate only in the circuit where the miner's coal mine employment, and consequently his harmful exposure to coal dust, occurred" (internal quotation marks omitted)).

## III. LEGAL STANDARDS

We review the Board's decision for errors of law and "for adherence to the substantial evidence standard governing the Board's review of the administrative law judge's factual determinations. The Board cannot uphold the ALJ's findings and conclusions unless the findings are supported by substantial evidence and the conclusions are in accordance with the law." *Wyo. Fuel Co. v. Dir., OWCP*, 90 F.3d 1502, 1505 (10th Cir. 1996) (citation and internal quotation marks omitted). We liberally construe Mr. Mann's pro se filings. *See Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003). We do not, however, "take on the responsibility of serving as the litigant's attorney in constructing arguments and

searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

"The Black Lung Benefits Act provides for the payment of benefits to coal miners 'who are totally disabled due to pneumoconiosis arising out of employment in one or more of the Nation's coal mines. . . .'" *Wyo. Fuel Co.*, 90 F.3d at 1505 n.1 (quoting 30 U.S.C. § 901(a)). "To obtain benefits under the Act, a miner must demonstrate that he satisfies three conditions: (1) he or she suffers from pneumoconiosis; (2) the pneumoconiosis arose out of coal mining employment; and (3) the pneumoconiosis is totally disabling." *Energy W. Mining Co. v. Oliver*, 555 F.3d 1211, 1214 (10th Cir. 2009) (citing 20 C.F.R. §§ 718.201-204); *accord Antelope Coal Co./Rio Tinto Energy Am. v. Goodin*, __ F.3d __, No. 12-9590, 2014 WL 804008, at *1 (10th Cir. Mar. 3, 2014). "The regulations permit a claimant to bring a subsequent [or duplicate] claim after the claimant had been denied benefits in a prior claim. [But] the claimant must first demonstrate as a threshold matter that there has been a material change in conditions since the time of the previous denial." *Wyo. Fuel Co.*, 90 F.3d at 1508 (citation and internal quotation marks omitted).

## IV.    DISCUSSION

Mr. Mann contends that he is entitled to benefits based on a decision issued by ALJ Amery in February 1995 finding that he had established the presence of coal workers' pneumoconiosis. ALJ Amery nevertheless denied benefits because Mr. Mann failed to demonstrate that he was totally disabled. Mr. Mann asserts that

- 4 -

ALJ Amery's finding of pneumoconiosis, coupled with later evidence that he is totally disabled, entitles him to benefits.

In proceedings conducted in 2002, ALJ Wood explained why ALJ Amery's finding of pneumoconiosis was not binding, as follows: Mr. Mann appealed ALJ Amery's denial of benefits to the Board and to this court, *see Mann v. Dir., OWCP*, No. 96-9509, 1997 WL 57092 (10th Cir. 1997) (unpublished), but was unsuccessful. The issue on appeal concerned only whether Mr. Mann was totally disabled, so the issue of whether he had pneumoconiosis was not fully and fairly litigated. In other words, because ALJ Amery, the Board, and this court all denied benefits, the operator did not have the opportunity to challenge the pneumoconiosis finding. In her December 2002 decision, ALJ Wood also denied benefits, but found that although Mr. Mann suffered from a totally disabling respiratory impairment, the evidence did not support a finding that he suffered from simple or complicated coal workers' pneumoconiosis. The Board affirmed ALJ Wood's decision.

Mr. Mann cannot now challenge ALJ Wood's 2002 decision. *See* 33 U.S.C. § 921(c), as incorporated by 30 U.S.C. § 932(a) (requiring petition for review of Board's decision to be filed within 60 days of decision). Consequently, we must reject this argument.

Next, Mr. Mann cites to a September 2000 opinion by the Acting District Director finding that he had coal workers' pneumoconiosis. That opinion is not controlling, however, because the operator sought review of the Acting District

- 5 -

Director's opinion.  The matter was then heard by ALJ Wood who, as discussed above, determined that Mr. Mann did not have coal workers' pneumoconiosis.  The Board affirmed.

Turning to Mr. Mann's challenges to the most recent denial of benefits, we consider his claim that the ALJ should not have credited Dr. Repsher's medical opinion that he did not have coal workers' pneumoconiosis.  At the ALJ hearing held in June 2010, Mr. Mann's wife alleged that Dr. Repsher was intoxicated when he examined Mr. Mann in April 2009 at the Aspen Motel in Ft. Smith, Arkansas.[1]  She further alleged that following the examination, Dr. Repsher told her that Mr. Mann had complicated black lung, but later denied this statement after he sobered up. When confronted with these allegations during his deposition, Dr. Repsher categorically denied both that he had been intoxicated and that he had stated Mr. Mann had complicated black lung.

Mr. Mann's evidence that Dr. Repsher had been intoxicated during the examination is based only on Mrs. Mann's subjective opinion.  *See* R. June 10, 2010, hearing transcript at 17.  Her opinion was insufficient to demonstrate that Dr. Repsher's medical conclusions should have been rejected.  *Cf. Stover v. Martinez*, 382 F.3d 1064, 1072 (10th Cir. 2004) (holding plaintiff's subjective opinion that she was the most-qualified job applicant was insufficient to demonstrate an adverse

---

[1] Mrs. Mann presented Mr. Mann's case at the ALJ hearing because Mr. Mann was too ill to attend.

employment action).  Similarly, this court cannot reassess on appeal whether Mrs. Mann was more credible than Dr. Repsher on the alleged statement that Mr. Mann was afflicted with complicated black lung, so the ALJ's rejection of Mrs. Mann's statement must stand.  *Cf. Energy W. Mining Co.*, 555 F.3d at 1218-19 (stating appellate court cannot reassess the credibility of experts).  And there is no evidence to support Mr. Mann's assertion that Dr. Repsher's medical opinion was slanted against him because the operator paid him for the opinion.  Furthermore, Mr. Mann's complaint that Dr. Repsher was not licensed to practice medicine in Arkansas (where the examination took place) also does not undermine his medical opinion.

Finally, Mr. Mann points out that the attorney who represented the operator before the ALJ and the Board has been cited for professional misconduct in unrelated matters.  But Mr. Mann has not explained how any such misconduct affected the outcome of his case.  Therefore, he has stated no grounds for relief.

## V.    CONCLUSION

Mr. Mann's motion to proceed IFP on appeal is granted.  The Decision and Order of the Benefits Review Board is affirmed.

Entered for the Court

Stephen H. Anderson
Circuit Judge

- 7 -