**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 9, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

CLAUDETTE S. MANN, on behalf of
BOBBY D. MANN (deceased),

      Petitioner,

v.

TURNER BROTHERS, INC.; OLD
REPUBLIC INSURANCE COMPANY;
DIRECTOR, OFFICE OF WORKERS'
COMPENSATION PROGRAMS,
UNITED STATES DEPARTMENT OF
LABOR,

      Respondents.

No. 18-9574
(Benefits No. BRB 17-0399 BLA)
(Benefits Review Board)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **MATHESON**, and **MORITZ**, Circuit Judges.
_____

Claudette Mann, widow of Bobby Mann, petitions for review of the U.S.

Department of Labor's Benefits Review Board affirmance of an administrative law

judge's ("ALJ") order denying her request for benefits under the Black Lung Benefits

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Act ("Act"), 30 U.S.C. §§ 901-44.  Respondent Turner Brothers, Inc. ("Turner") is the responsible coal mine operator.  Exercising jurisdiction under 30 U.S.C. § 932(a) and 33 U.S.C. § 921(c), we deny the petition.

## I

Mann was employed in the coal mining industry in Oklahoma for approximately fifteen years.  He filed claims for benefits under the Act in 1974, 1983, 1986, and 2000; each claim was denied.  The present appeal concerns Mann's third claim filed in 1986.

After this court affirmed the denial of the third claim, Mann v. Dir., OWCP (Mann I), No. 96-9509, 1997 WL 57092 (10th Cir. Feb. 11, 1997), Mann sent several letters expressing a desire to further appeal.  In 2000, a district director of the Office of Workers' Compensation Programs ("OWCP") construed the letters as a request for modification of Mann's 1986 claim and found he was entitled to benefits.  After a request for an evidentiary hearing by Turner, an ALJ denied the claim in 2002.  The Board affirmed and denied reconsideration.  Mann did not appeal.

Instead, Mann filed a second request for modification of the 1986 claim.  An ALJ denied that request in 2005.  The Board again affirmed the ALJ and denied Mann's motion for reconsideration.  This court dismissed Mann's appeal at his own request.  Mann v. Dir., OWCP (Mann II), No. 07-9501 (10th Cir. Feb. 21, 2007).

In 2008, Mann filed a third modification request that was denied by an ALJ in 2011.  The Board affirmed, and after the Board denied reconsideration, this court

affirmed the denial of benefits.  Mann v. Turner Bros., Inc. (Mann III), 560 F. App'x 743, 747 (10th Cir. 2014).

Mann passed away on September 15, 2014.  A month later, rather than filing a new claim for survivor's benefits, petitioner filed a fourth request for modification of the 1986 claim.  After finding the interests of justice would be served by re-opening the claim, an ALJ held an evidentiary hearing and denied benefits.  The Board again affirmed the ALJ and denied reconsideration.  Petitioner now seeks review of the Board's ruling.

## II

Our role is "limited . . . to determin[ing] whether substantial evidence supports the factual findings of the ALJ and whether the legal conclusions of the Board and ALJ," which we review de novo, "are rational and consistent with applicable law." Spring Creek Coal Co. v. McLean, 881 F.3d 1211, 1217 (10th Cir. 2018) (quotations and alteration omitted).  "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Wyo. Fuel Co. v. Dir., OWCP, 90 F.3d 1502, 1505 (10th Cir. 1996) (quotation omitted).  We review but "do not reweigh" the evidence, as "[t]he task of weighing conflicting medical evidence is within the sole province of the ALJ."  Antelope Coal Co./Rio Tinto Energy Am. v. Goodin, 743 F.3d 1331, 1341 (10th Cir. 2014) (quotation omitted).[1]

---

[1] Turner asserts modification requests are reviewed "more narrowly" under the abuse of discretion standard, citing Sharpe v. Dir., OWCP (Sharpe I), 495 F.3d 125, 130 (4th Cir. 2007).  Although decisions on modification requests are discretionary, see O'Keeffe v. Aerojet-Gen. Shipyards, Inc., 404 U.S. 254, 256 (1971) (per curiam),

3

While we liberally construe petitioner's pro se pleadings, we do not act as her advocate.  See James v. Wadas, 724 F.3d 1312, 1315 (10th Cir. 2013).

To receive benefits under the Act, a claimant must demonstrate by a preponderance of the evidence that:  (1) the miner suffers or suffered from pneumoconiosis; (2) the pneumoconiosis is or was "significantly related to, or substantially aggravated by, dust exposure in coal mine employment"; (3) the miner is or was "totally disabled due to a respiratory or pulmonary impairment"; and (4) the "pneumoconiosis is [or was] a substantially contributing cause of [the miner's] total disability."  Antelope Coal Co./Rio Tinto Energy Am., 743 F.3d at 1335, 1344 (quotation omitted).  Pneumoconiosis is "a chronic dust disease of the lung and its sequelae, including respiratory and pulmonary impairments, arising out of coal mine employment" and "includes both medical, or 'clinical,' pneumoconiosis and statutory, or 'legal,' pneumoconiosis."  20 C.F.R. § 718.201(a).  It can be proved by "[x]-rays, a biopsy, applicable legal presumptions, [or] a physician's diagnosis based on objective medical evidence and supported by a reasoned medical opinion."  Energy W. Mining Co. v. Oliver, 555 F.3d 1211, 1216 (10th Cir. 2009) (quotations

it does not appear our court has addressed whether such requests are reviewed for an abuse of discretion.  Nevertheless, we need not address the question here, particularly given there may be little practical difference from the usual standard of review.  See Westmoreland Coal Co., Inc. v. Sharpe ex rel. Sharpe (Sharpe II), 692 F.3d 317, 327 (4th Cir. 2012) (observing the abuse of discretion "standard is consistent with the [Board's] general mandate to affirm the ALJ if his findings of fact and conclusions of law are supported by substantial evidence, are rational, and are consistent with applicable law" (quotation omitted)).

omitted). Pneumoconiosis can be "simple" or "complicated," with the latter triggering "an irrebuttable presumption of total disability due to pneumoconiosis." Bridger Coal Co. v. Dir., OWCP, 669 F.3d 1183, 1186 (10th Cir. 2012). Total disability, in turn, exists when the "pulmonary or respiratory impairment . . . standing alone, prevents or prevented the miner . . . [f]rom performing his or her usual coal mine work[] and . . . engaging in [comparable] gainful employment in the immediate area of his or her residence." 20 C.F.R. § 718.204(b). Pneumoconiosis must be at least a "contributing cause" of the ultimate disability (*i.e.*, one of multiple or dual causes of the disability). See, e.g., Antelope Coal Co./Rio Tinto Energy Am., 743 F.3d at 1335, 1348; Dehue Coal Co. v. Ballard, 65 F.3d 1189, 1195 (4th Cir. 1995).

An award or denial of benefits under the Act may be modified upon a showing of changed conditions or a mistake in a determination of fact. See 33 U.S.C. § 922; 30 U.S.C. § 932(a). For a modification based upon changed conditions, "a claimant must prove for each element that actually was decided adversely to the claimant in the prior denial that there has been a material change in that condition since the prior claim was denied." Wyo. Fuel Co., 90 F.3d at 1511. For a modification based upon a mistake of fact, an ALJ is authorized "to correct mistakes of fact, whether demonstrated by wholly new evidence, cumulative evidence, or merely further reflection on the evidence initially submitted." O'Keeffe, 404 U.S. at 256.

After agreeing to re-open this case, the ALJ held a hearing and considered the entire record, including petitioner's newly submitted evidence, discussed below, and all evidence considered by prior ALJs. The ALJ found that there had been neither a

5

change of conditions nor a mistake of fact. She concluded that although petitioner had demonstrated Mann had a totally disabling respiratory impairment, petitioner had not carried her burden of proving that Mann had, or was disabled due to, pneumoconiosis.

On appeal, petitioner insists Mann died of pneumoconiosis from his work in coal mines. In support of her modification request, petitioner submitted: (1) medical records from Eastern Oklahoma Medical Center, which included the results of an x-ray and CT scan of Mann's lungs; (2) Mann's death certificate, which was completed by Mann's treating physician, Dr. Gregory, and reports the cause of death as both chronic obstructive pulmonary disease and black lung; and (3) a letter from Dr. Gregory which stated that she "treated him for Black Lung Disease" and that "[h]is Black Lung led to his lung problems and death." In opposition to the modification request, respondent presented a report from Dr. Tuteur, who concluded that Mann did not have pneumoconiosis and that Mann's chronic obstructive pulmonary disease was related to and caused by Mann's years of cigarette smoking and not coal mine dust.

Dr. Tuteur explained that, although Mann complained of shortness of breath and there was a mass in his left lung, the records, including those from the x-ray and CT scan, did not indicate a diagnosis of pneumoconiosis or findings consistent with pneumoconiosis. Dr. Tuteur also found no indication of clinical or legal pneumoconiosis in the records. Petitioner claims Dr. Tuteur's opinion was unreasonable, but the ALJ found that his conclusions were supported. This court is

6

bound by the ALJ's weighing of the medical evidence.  See Antelope Coal Co./Rio Tinto Energy Am., 743 F.3d at 1341.

As for Dr. Gregory's letter and her statement on Mann's death certificate, the ALJ noted Dr. Gregory did not indicate the basis for her opinion that Mann had pneumoconiosis, nor did she provide any medical records to support her opinion. Without the benefit of an autopsy and with no supporting objective medical evidence, the ALJ concluded Dr. Gregory's opinion did not constitute "a reasoned medical opinion" upon which to base a finding of pneumoconiosis.  See 20 C.F.R. § 718.202(a)(4).[2]

Petitioner references Mann's arterial blood-gas readings.  Although those readings may be used to establish total disability, see 20 C.F.R. § 718.204(b)(2)(ii), total disability is not at issue in this case after Mann's death.  Rather, the operative question for our consideration is whether pneumoconiosis partially contributed to the existence of the acknowledged total disability.  The ALJ concluded that blood-gas readings are not relevant to that analysis.  Similarly, petitioner did not show Mann's death constitutes a change of condition concerning the elements that prior ALJs had previously found lacking.

---

[2] Other circuits have similarly found a mere statement on a death certificate insufficient to satisfy the requirement of a reasoned medical opinion.  See, e.g., Bill Branch Coal Corp. v. Sparks, 213 F.3d 186, 192-93 (4th Cir. 2000); Lango v. Dir., OWCP, 104 F.3d 573, 578 (3d Cir. 1997); Risher v. OWCP, 940 F.2d 327, 331 (8th Cir. 1991).

Petitioner further asserts the ALJ and Board should have awarded benefits because a prior ALJ found Mann worked for at least fifteen years in coal mining. A miner who worked for over fifteen years in coal mining is presumed to have satisfied three elements of the test for benefits. See Antelope Coal Co./Rio Tinto Energy Am., 743 F.3d at 1335-36. But the present case concerns a modification request to a claim filed in 1986, and the fifteen-year presumption only applies to claims filed before January 1, 1982 or after January 1, 2005. See id. Additionally, although the fifteen-year presumption also applies to survivor's claims filed after January 1, 2005, see Consolidation Coal Co. v. Dir., OWCP, 864 F.3d 1142, 1145 (10th Cir. 2017), the present case concerns only a modification request for a previously filed claim. Petitioner appears to mistakenly claim she filed for survivor's benefits; she has not done so and yet retains the ability to do so, and the fifteen-year presumption could apply to such a claim filed after January 1, 2005.

Finally, petitioner points to the findings of the ALJ in the 1995 proceedings which found that Mann had pneumoconiosis. See Mann I, 1997 WL 57092, at *2 (noting the ALJ found Mann had "established the presence of the disease pneumoconiosis"). The 1995 proceedings are not properly before us, and we leave further consideration of that evidence to the survivor's benefits proceedings, if petitioner chooses to file such a claim.

8

## III

For the foregoing reasons, we **DENY** Mann's petition for review, without prejudice to the filing of a claim for survivor's benefits. Mann's request to proceed in forma pauperis is **GRANTED**.

Entered for the Court


Carlos F. Lucero
Circuit Judge